Baygents et al. *v.* Beard et al.

---

MARTHA BAYGENTS *et al. v.* RACHEL H. BEARD *et al.*

1. HUSBAND AND WIFE: HUSBAND MAY CONVEY DIRECTLY TO WIFE: RIGHTS OF CREDITORS.—Art. 23, page 336, of Rev. Code, authorizes conveyances to be made directly by the husband to the wife for her own use, subject only, as in all other cases, to the rights of creditors.
2. SAME: EFFECT OF ACT OF FEBRUARY 19, 1867, UPON RIGHT OF HUSBAND TO MAKE CONVEYANCE DIRECTLY TO WIFE, AND UPON CONVEYANCES ALREADY MADE.—The act of the legislature of 19th February, 1867, Pamphlet acts, 1867, § 5, page 727, repeals so much of art. 23, page 336, of Rev. Code, as authorizes conveyances to be made directly by the husband to the wife, and restores the law to the footing on which it stood before the adoption of the Revised Code. The repeal of the law cannot have the effect to invalidate a conveyance executed before its passage.

APPEAL from the Chancery Court of Lawrence county. Hon. John E. McNair, chancellor.

*W. P. Harris* and *D. W. Hurst* for appellants.

*J. B. Chrisman* and *Wm. Vannersen* for appellees.

ELLETT, J., delivered the opinion of the court.

The bill was filed in the court below by Robert Beard and Rachel Harriet, his wife, and G. W. Philips, against Martha Phillips (now Baygents) and John Bolling and Milly, his wife, the said Rachel and G. W. Phillips and Milly Bolling being the nieces and nephew, and heirs at law, of W. Phillips, deceased, and the said Martha being the widow of said deceased. The object of the bill was to set aside a voluntary conveyance made by said deceased, about two months before his death, in November, 1860, whereby he conveyed to his then wife, the said Martha, the greater portion of his estate; and to have distribution of the property among the said heirs and distributees, there being then no administration on the estate of the deceased, and no debts due by him. The deed was assailed on the ground of mental incapacity, and undue influence exerted upon the grantor by his wife.

The complainant, Robert Beard, on his own behalf, alleges in the bill that, in the year 1847, he was induced by the solicitations of the deceased to remove with his wife from Lafayette county to the county of Lawrence, and for that purpose to sell off his effects at considerable sacrifice, the said deceased promising him to make up the loss he might sustain, and giving assurances of assistance during his life, and of a large share of his property on his death. But he sets up no claim for compensation for any losses he may have sustained by reason of the non-performance of these promises by the deceased. Such a claim could not have been joined in a bill by the heirs and distributees to have the whole estate divided among them; and, moreover, the bill alleges that there no debts of the deceased remaining unpaid.

The bill also alleges that the deed in question " is not, upon its face, good and valid as a conveyance of all the property therein embraced;" but no ground is stated upon which this supposed invalidity is thought to rest, nor is any part of the property indicated to which the objection is intended to be applied.

The answer of the principal defendant denies all the facts upon which the equity of the bill depends, and it also sets up that after the filing of the bill the last will and testament of the said Wm. Phillips, dated in the year 1855, had been duly probated and established in the Probate Court of Lawrence county, and letters testamentary granted thereon to the executors named therein; and that by the said will, the testator, after a few trifling legacies, bequeathed the whole residue of his property to her, the said Martha. This will, and the deed in question, are made exhibits.

No proof was taken by complainants in support of any of the allegations of their bill; and the charges of incapacity and fraud were satisfactorily refuted by the proof on behalf of the defendant. Before the final hearing the complainant Robert Beard died, and the cause was prosecuted by the surviving complainants. The defendant Martha Phillips was married to Baygents, and the cause revived against him.

The final decree directed the defendant, Martha Baygents, to pay to complainant, Harriet Beard, the sum of $1,000, as a " compensation to said Harriet for the losses and disappointments incurred in consequence of the promises and inducements of said W. Phillips held out to her said husband, Robert Beard, to remove near him," and that she also pay the costs of the suit, and that all the residue of the property be decreed to her, the said Martha.

To reverse this decree the writ of error is prosecuted.

The grounds on which the validity of the deed was controverted by the bill of complaint seem to be abandoned, and probably were in the court below; and the argument now is, that the deed was a revocation, by implication, of the will and that the deed itself, being from the husband directly to his wife, was void at law, and will only be upheld in a court of chancery to the extent of a reasonable provision for the wife.

It would be a sufficient answer in avoidance of this reasoning, admitting its correctness in a legal point of view, to say that the bill does not assail the deed on the idea that it makes an unreasonably expensive provision for the wife, and that there-

fore no relief could be had on that ground, however clearly it might be established by proof. And, in fact, the case is as destitute of proof as it is of averment, bearing on this point.

But the very foundation on which the argument rests, does not exist. The deed was not void at law. By article 23, chapter 40, of the Revised Code, page 336, it is provided "that any deed from the husband to the wife for her use, shall be void as against his creditors, who were such at the time of executing the deed." Inasmuch as, prior to this enactment, all deeds from the husband to the wife were void at law, this clause can only be made operative in any case, by construing it to mean that such deeds shall be void *only* as against the creditors of the husband, and that deeds from the husband to the wife shall be valid, unless they come within the exception as to such creditors. We think it was clearly the intention of the legislature to authorize conveyances to be made directly by the husband to the wife, subject only, as in all other cases, to the rights of creditors.

It is true that this proviso has been recently repealed, and the law thereby restored to the footing on which it stood before the adoption of the Revised Code (act of Feb. 19, 1867, p. 727, § 6). But the repeal of the law cannot have the effect to invalidate a deed executed while it remained in force.

The court below seems to have taken a proper view of this subject. The decree does not undertake to set aside the deed to any extent whatever, whether as making an unreasonable provision for the wife, or as being invalid at law, in part or in whole, for any reason. No inquiry was directed as to the reasonableness of the provision, but the deed was treated as valid at law and in equity, subject only to be assailed by creditors whose rights might be prejudiced by it. Had the court set it aside on the ground that it was void at law, then, after settling in a proper manner a reasonable provision for the wife, the residue must have been distributed equally among the heirs. But nothing of that sort was done, and the decree is not complained of on that ground.

The complaint is, that the court, treating the deed as valid,

made a decree in favor of Harriet Beard as a creditor for $1,000, as compensation for the losses and disappointment incurred in consequence of the promises of the deceased made to her husband.

This was erroneous. These statements in the bill are made in the name and on behalf of Robert Beard alone. The promises are alleged to have been made to him, and the losses to have been sustained by him. He died, and the cause was abated as to him. However just the claim might have been, his widow could not recover it. But the statements on this subject are not made as the foundation of any relief, nor is any decree asked in respect of them. Moreover, they were not admitted to be true, and there was no proof of them.

The decree of the court below will be reversed, and the bill dismissed here, at the costs of defendants in error in both courts.