# Bush *v.* Garner.

### *Trover.*

1.   *When instrument merely an equitable lien.*—A stipulation in a mortgage on real and personal property, executed to secure a debt due and payable in annual installments, that "this mortgage is made a lien on the crop of cotton made on the place" for the payment of the installment of the debt due for that particular year, does not convey the legal estate or interest in the cotton, but creates merely an equitable lien thereon; and hence, such an instrument will not support an action of trover brought for the conversion of the cotton.

2.   *Section 1359 of Code of Mississippi construed.*—Section 1359 of the Code of Mississippi (1880), providing that "it shall be lawful for persons to make and execute mortgages or deeds of trust upon growing crops, or crops to be grown, within fifteen months from the making of such mortgage or deed of trust, which encumbrance shall be valid and binding upon the interest of such mortgagor or grantor in such crop, but shall

[Bush v. Garner.]

not be, in any case, prior to the liens provided for in an act in relation to landlord and tenant, and an act in relation to the lien of employers and employees," is merely declaratory of the common law, with the limitation engrafted thereon, that the crop must be produced within the specified period of fifteen months; and a mortgage on an unplanted crop in that State operates, under that statute, merely to create an equitable lien, and not to convey the legal title.

3. *Same.*—If, however, that statute could be construed so as to authorize the legal title to pass by a mortgage on an unplanted crop, the effect of the statute would only be to make a legal mortgage, with apt words of conveyance, operate to convey the legal title; and hence, an instrument creating by its terms a mere lien or charge upon the crop would not come within its influence.

4. *Transportation of personal property of a married woman from Mississippi into this State; effect of.*—The mere transportation of cotton raised in the State of Mississippi, belonging to a married woman as her separate property under the laws of that State, into this State, does not, of itself, so change the *status* of the cotton as to constitute it her statutory separate estate under the laws of this State; and hence, in an action for damages for the conversion of the cotton, the husband should be joined as co-plaintiff with the wife, under the provisions of section 2892 of the Code of 1876.

5. *How statute of another State may be proved.*—A statute of another State may be proved by a transcript or copy properly certified by the Secretary of State of this State, as being deposited in his office, or by a printed volume purporting on its face to have been printed by authority of such other State. (Code of 1876, § 3045.)

6. *Same; reports of adjudged cases.*—While the reports of adjudged cases of a sister State, published by authority, are competent evidence of the judicial construction placed upon the statutes of that State, and must be received as authoritatve in the courts of this State, they can not, when taken alone, be received as legal evidence of the contents or provisions of such statutes.

7. *When foreign statute is properly proved it will be presumed to continue of force.*—When the enactment or existence of a foreign statute is properly proved, it will ordinarily be presumed to remain of force without additional negative proof, showing that it has not been repealed or modified; and the burden of showing its repeal or modification will be on the adverse party.

APPEAL from Mobile Circuit Court.

Tried before Hon. WILLIAM E. CLARKE.

This was an action of trover, brought by Fanny W. Garner, wife of John H. Garner, jr., against John C. Bush, to recover damages for the alleged conversion of certain cotton by the defendant; and was commenced on 24th January, 1881. The complaint averred that the cotton belonged to the plaintiff as her statutory separate estate. The cause was tried on issue joined on the plea of not guilty, the trial resulting in a verdict and judgment for the plaintiff. The cotton in question was raised in Mississippi during the year 1878, by one Welch, who shipped it to the firm of Allen, Bush & West, at Mobile, commission merchants, the defendant being a member of the firm, and by them sold, and the proceeds placed to Welch's credit. The plaintiff claimed title under a mortgage executed to her by

[Bush v. Garner.]

Welch conveying real and personal property situated in Mississippi, to secure an obligation to deliver a given number of bales of cotton, in annual installments, which he had agreed to deliver in payment for the property conveyed by the mortgage, which he had purchased from her. This conveyance is dated 8th January, 1878, and contains this provision: "This mortgage is made a lien on the crop of cotton made on the place each year for the number of bales due for that particular year." The evidence tended to show that the cotton was a part of a crop covered by the lien created by the clause in the mortgage quoted above. The plaintiff read in evidence section 1359 of the Code of Mississippi, which is set out in the opinion. The defendant read in evidence a deed of trust executed by Welch to Allen, Bush & West, on 7th March, 1878, the terms of which, necessary to an understanding of the points decided, are stated in the opinion. "To show the laws of Mississippi," the defendant also introduced in evidence the 52nd, 47th and 56th volumes of the Mississippi Reports, and read to the jury the reports of the following cases, which are set out in the bill of exceptions, and in which is construed a statute of that State, approved February 18th, 1867: *Herman v. Perkins*, 52 Miss. 813, and *Stewart v. Hollins*, 47 Miss. 708. The evidence recited in the bill of exceptions fails to show the residence of the plaintiff.

The circuit court charged the jury *ex mero motu*, in substance, (1) that the mortgage executed by Welch to the plaintiff conveyed the crop of cotton raised on the place by Welch during the year 1878, and that the mortgage was superior to the deed of trust subsequently executed by Welch to Allen, Bush & West; (2) that "if they believed from the evidence that the plaintiff was a married woman at the time the action was brought, and at the time she made the contract with Welch, and resided in this State when said contract was made, and said action was brought, the action was properly brought;" and (3) that trover was the proper form of action. To these portions of the general charge the defendant duly excepted. He also reserved exceptions to the refusal of the court to give to the jury the following charges requested by him in writing: 1. "If the jury believe the evidence, they must find for the defendant." 2. "If the jury believe that the contract and mortgage of Mrs. Garner were made in 1878, and the agricultural lien to Allen, Bush & West was given in 1878, for supplies to make a crop, although of later date than the mortgage, then the agricultural lien has priority."

The rulings above noted are here assigned as error.

OVERALL & BESTOR, for appellant. (1) Under the laws of

[Bush v. Garner.]

Mississippi, the agricultural lien to Allen, Bush & West was superior to plaintiff's mortgage.—*Herman v. Perkins*, 52 Miss. 813; *Stewart v. Hollins*, 47 Miss. 710. (2) The law, being proved to be thus, is presumed to remain so until shown to be repealed or modified.—*Cubbedge, Hazelhurst & Co. v. Napier*, 62 Ala. 518. (3) The mortgage to the plaintiff was dated January 8th, 1878, and was on a crop of cotton which was not then planted, but was to be planted in the future. It did not, therefore, convey such a title as will support trover.—*Grant v. Steiner*, 65 Ala. 499; *Elmore v. Simon*, 67 Ala. 526; *Collier & Son v. Faulk & Martin*, 69 Ala. 58. (4) All matters respecting the remedy, such as bringing of suits, forms of action, admissibility of evidence, etc., depend upon the law of the place where the suit is brought.—*Scudder v. Union Nat. Bank*, 1 Otto. 406; *Campbell v. Crompton*, 18 Blatch. 150. (5) Can Mrs. Garner bring this suit at all? Ought it not to have been brought in the name of her husband?

H. PILLANS and THOS. H. PRICE, *contra*. (1) If plaintiff was mortgagee of the crop, she could maintain trover for its conversion; and she was a mortgagee, since the mortgage, in terms, declares that it is made a lien on the crop of cotton made on the place each year. This does not present the case of an attempt to fix a statutory lien on the crop, but simply the giving of a mortgage lien thereon; and the contract shows a clear intent to mortgage.—*Mervine v. White*, 50 Ala. 388; *Ellington v. Charleston*, 51 Ala. 166; Thomas on Mortgages, p. 430. Her mortgage on the crop to be made was a valid and subsisting mortgage under the statute of Mississippi.—Code of Miss. § 1359. This law governed the contract, as the land lies in Mississippi, and the contract was to be performed in that State.—Story on Con. Laws, §§ 242, 280–1; 1 Brick. Dig. p. 352, § 19; Jones on Chat. Mort. §§ 143, 213, 426. (2) Adjudged cases are competent to show the State of the *unwritten* law of another State, since the common law is, in each State, what the courts determine it; but of the *written* law, the statutes, nothing is evidence save the statutes themselves.— Code of 1876, § 3045; *Innerarity v. Mims*, 1 Ala. 660; *Inge v. Murphy*, 10 Ala. 885. (3) It is the province of the court to rule on the question of the evidence of a foreign law.—*Inge v. Murphy, supra*. (4) When the mortgaged property came to this State, it became the statutory separate estate of the plaintiff, and she rightly sued alone. Besides, the failure to join the husband would only have availed in abatement, and no plea in abatement was interposed.—*James v. Stewart*, 9 Ala. 855.

[Bush v. Garner.]

SOMERVILLE, J.—The present action is one of *trover*, brought by the appellee, Garner, against the appellant, Bush, for certain cotton alleged to have been converted to the latter's use. The title asserted to the cotton by the plaintiff was based on a written instrument, purporting to be a mortgage, executed by one Welch to plaintiff on January 8, 1878. There can be no question as to the operation of this instrument so far as affects the land, and other personal property, *other than the crop of cotton*, which it conveys. As to these, apt words of conveyance are used, sufficient to operate a conditional transfer of the *legal* title to the mortgagee, which is always the decisive test of a legal mortgage.—Jones on Chat. Mortg. §§ 8–9; 1 Jones on Mortg. § 11.

But no such words of grant or conveyance are used in reference to the crop of cotton to be raised during the current year. It is merely declared that "this mortgage is *made a lien* on the crop of cotton made on the place" to the extent of the annual payment due for each succeeding year. This is not a mortgage, but a mere lien created by contract, or a right to charge the cotton with the payment of the debt. It is, in other words, a mere equitable lien in the nature of a mortgage, conferring no legal estate or interest in the cotton alleged to have been converted, such as is necessary to support an action of trover.—*Jackson, Morris & Co. v. Rutherford*, at present term [*ante*, p. 155]; *Evington v. Smith*, 66 Ala. 398; *Newlin v. McAfee*, 64 Ala. 357; Jones on Chat. Mortg. § 9; *Donald v. Hewitt*, 33 Ala. 534.

Under this view of the case, it is plain that the plaintiff, independently of the fact that the crop was not in existence at the time of the creation of the lien, had no such title to the cotton sued for as would authorize a recovery.

It is insisted, however, that the instrument conveyed the legal title to the cotton, under the influence of section 1359 of the Code of Mississippi (1880), which is introduced in evidence, and shown to have been in force at the time of the contract, and is in the following language : " § 1359. It shall be lawful for persons to make and execute *mortgages* or *deeds of trust* upon growing crops, or *crops to be grown within fifteen months* from the making of such mortgage, or deed of trust, which encumbrance shall be *valid and binding upon the interest* of such mortgagor, or grantor, in such crop, but shall not be, in any case, prior to the liens provided for in ' an act in relation to landlord and tenant, and an act in relation to the lien of employers and employees.' "

The proper construction of this statute, we think, is, that it is merely declaratory of what the common law was before its passage, with the limitation engrafted, that the crop must be

produced within the specified period of fifteen months.   Before the existence of the statute, a mortgage on an unplanted crop, which was to be produced in the future, was held to be valid in Mississippi, operating to create only an equitable lien, and not to convey the legal title.—*Sillers v. Lester*, 48 Miss. 513; *White v. Thomas*, 52 Miss. 49; *Ellett v. Butt*, 1 Woods, 214; s. c. 19 Wall. 544; Jones on Chat. Mortg. § 174.   This is in harmony with the numerous decisions of this court, and the great preponderance of authority on this subject.—*Grant v. Steiner*, 65 Ala. 499; *Rees v. Coats, Ib.* 256; *Elmore v. Simon*, 67 Ala. 526.

If the Mississippi statute could be construed otherwise, so as to authorize the legal title to pass by a mortgage on an unplanted crop, it is obvious that an instrument creating a mere *lien* or charge would not come within its influence.   The effect of the statute would be only to make a legal mortgage, with apt words of conveyance, operate to convey the legal title.

The charge of the circuit court was in conflict with these views, and its judgment must, therefore, be reversed.

As the cause may be tried again under an amended complaint, however, we proceed to consider the other assignments of error.

The husband was a proper party plaintiff, and should have been joined with the wife in the present action.   The interest in the cotton sued for was the separate property of Mrs. Garner in the State of Mississippi, and the mere transportation of it into Alabama did not alone change its *status*, so as to constitute it her statutory separate estate under the laws of this State. *Cahalan v. Monroe, Smaltz & Co.*, 70 Ala. 271.   Section 2892 of the Code was construed by us, in the case of *King v. Marin*, 67 Ala. 177, to require the husband to be joined as co-plaintiff in cases of this character.

As the complaint is susceptible of amendment upon a new trial in the lower court, we need not decide whether the objection for non-joinder can be raised otherwise than by a plea in abatement, as was the rule of the common law, where a married woman sued alone, but might have been joined with her husband.   See *James v. Stewart*, 9 Ala. 855; *Price v. Talley*, 18 Ala. 21; 1 Chit. on Pl. 23; *McCall v. Jones*, 72 Ala. 368; Barbour on Parties, 309; Gould's Plead. ch. v, § 103; Dicey on Parties, 530 [507]; *Courts v. Happle*, 49 Ala. 254.

It is argued by the appellant that the present action will not lie, for the reason that he held a conveyance of the cotton in question which created a prior lien on it in his behalf.   This instrument, bearing date March 6, 1878, is in the form of an ordinary mortgage, and declares that it is "intended as a supply-lien" in favor of the mortgagees "for advances and supplies"

[Bush v. Garner.]

to enable the mortgagor "to cultivate and gather a crop" to be raised on his farm during the current year. It is insisted that, although this mortgage is subsequent in point of time to that of the plaintiff, it is prior in right, as "an agricultural lien" under the provisions of a special statute existing in Mississippi, where the contract was entered into between the parties. The appellant fails to introduce a *copy of this statute* in evidence, and we can not take judicial notice of its contents. It is true that he has made proof of certain *adjudged cases* decided by the Supreme Court of Mississippi, and found in the reports of that State, construing a certain statute said to have been approved February 18, 1867, in which it is held that, under its provisions, a lien may be created on a crop, known as an agricultural lien, which, though junior in date, may be prior in right to that created by an antecedent mortgage.—*Herman v. Perkins*, 52 Miss. 813.

The statute in question should have been proved in the usual mode of authenticating foreign statutes. . This could have been done, under the provisions of our Code, by producing a transcript or copy of the statute properly certified by the Secretary of this State, as being deposited in his office, or the printed volume, purporting on its face to be printed by authority of the sister State.—Code, 1876, § 3045; *Bradley v. Northern Bank*, 60 Ala. 252; *Clanton v. Barnes*, 50 Ala. 260.

So, this mode of proof authorized by the Code being merely cumulative, the Mississippi statute could have been proved by a sworn, or an exemplified copy, and, according to some authorities, in certain cases, by expert witnesses. But the latter proposition we do not decide.—*State v. Twitty*, 11 Amer. Dec. 785, *note;* 1 Whart. on Ev. § 309; 1 Greenl. on Ev. § 486. Although, we may add, it is clear that the exposition or interpretation of the statute of a foreign State can be proved by an attorney who, as an expert, may be shown to be learned in such law.— *Walker v. Forbes*, 31 Ala. 9.

The reports of adjudged cases, accredited to the Supreme Court of Mississippi, were properly introduced as evidence of the *construction* placed upon the statute of that State, and such construction must be received by this court as authoritative.—1 Whart. on Ev. § 311. But as such reports are usually evidence only of the *unwritten law* of the State in which the decisions were rendered, and there is a prescribed rule for proving foreign statutes, we are clear in the opinion that the reported decisions can not, taken alone, be received as legal evidence of the contents or provisions of such statutes.—*Cubbedge v. Napier*, 62 Ala. 518; *Inge v. Murphy*, 10 Ala. 885; *State v. Twitty*, 11 Amer. Dec. 785, *note.*

If a foreign statute is properly proved, it may be presumed

[Woods v. Dunlap.]

ordinarily to remain in force without additional negative proof showing that it has not been repealed or modified.—1 Whart. on Ev. § 308. Hence, if the defendant make proof of the enactment of the statute under which he claims a prior lien on the cotton sued for, and show that it existed as a law in the State of Mississippi in the year 1867, the burden of showing its repeal or modification would be shifted on the plaintiff.

In the absence of this statute as evidence, properly proved as above indicated, we can not undertake to construe it with the view of deciding the question raised as to the relative priority of the liens claimed by the plaintiff and defendant to the cotton in controversy.

Reversed and remanded.