# Maund *v.* Loeb & Brother.

### *Trover for Conversion of Goods.*

1. *Continuance on payment of costs; itemized bill of costs.*—When a continuance is granted to the defendant, "on the payment of all costs within ninety days, as a condition precedent, or judgment to go against him at next term," his consent to the terms is implied in his acceptance of the continuance; and the costs not being paid within the ninety days, the court may enter judgment by *nil dicit* against him on the first day of the next term, although he then offers to pay them; nor is it necessary that an itemized bill of costs should have been furnished to him by the clerk or sheriff.

2. *Judgment by nil dicit; presumption in favor of.*—On judgment by *nil dicit* in regular form, the appellate court will presume, if necessary to sustain it, that it was so rendered because the defendant failed or declined to plead, and not because he failed to pay the costs as required by a former order granting him a continuance.

3. *Same; evidence as to damages.*—After judgment by *nil dicit* in an action of trover, the only question to be referred to the jury, as to which evidence can be adduced, relates to the amount of damages.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought by J. Loeb & Brother, suing as partners, against Wm. T. Maund, to recover damages for the conversion of certain goods particularly described; and was commenced on the 30th March, 1887. At the September term, 1888, an order was entered in the cause, in these words: "Continued by defendant, upon payment of all costs to date, as a condition precedent, to be paid in ninety days, or judgment to go against defendant at next term;" and the bill of exceptions states, that this order "was made in open court, in the presence and hearing of the defendant's counsel." At the next term, as the bill of exceptions further states, "when the case was called for trial, the court inquired of the clerk if the costs had been paid as required by said order, and was informed that they had not been paid in accordance with said order. The defendant then offered to prove that he had not been furnished with an itemized bill of said costs, by the clerk, sheriff, or other officer;" also, "that he had no knowledge or information of the terms imposed by said order of continuance, until said cause was called at this term;" also, "that he had paid all the costs of the case on the first

[Maund v. Loeb & Bro.]

day of this term, since the cause was called for trial." On objection by the plaintiff, the court excluded each part of this evidence as offered, and the defendant excepted. The bill of exceptions then proceeds: "The plaintiffs introduced two witnesses, who testified as to the value of such goods as were mentioned in the complaint, at the time of the alleged conversion by the defendant; and each of them stated that he knew nothing about the identical goods sued for. This was all the evidence in the case. Thereupon, the defendant requested the following charges in writing: (1.) Before the plaintiffs can recover in this action, they must prove a legal title to the property sued for. (2.) If the plaintiffs parted with the property sued for to Lumley for a consideration, and Lumley sold the same to defendant for a consideration, and the transaction between plaintiffs and Lumley was honest; then the jury may find a verdict for the defendant. (3.) If the jury believe the evidence, they will find for the defendant." The court refused each of these charges, and the defendant excepted.

The judgment is by *nil dicit* in regular form, with damages assessed by the jury at $169.31. The defendant appeals, and assigns as error the rulings of the court excluding the evidence offered by him, and the refusal of the charges asked.

J. F. ROPER, for appellant.

R. H. WALKER, and WATTS & SON, *contra.*

CLOPTON, J.—The continuance of a case is in the discretion of the court, and such terms may be imposed, under the rule of practice, as to the court may seem proper. At the Fall term, 1888, of the Circuit Court, defendant obtained a continuance, upon payment of all the costs as a condition precedent, to be paid in ninety days, or judgment to go against him at the next term. The costs were not paid until the first day of the next term, and after the case was called for trial, which was more than ninety days from the time of the order. Defendant having applied for, obtained, and accepted the continuance, we must infer that he consented to the terms upon which it was granted. It was no excuse, that an itemized bill of costs had not been furnished, when it is not shown that defendant offered to pay the costs, or applied for such bill; and the court was not bound to

[Bay Shell-Road Co. v. O'Donnell.]

accept payment after the expiration of .the prescribed time, as a compliance with the condition upon which the continuance was obtained. The court was authorized to render judgment *nil dicit* against defendant.—*Waller v. Sultzbacher*, 38 Ala. 318.

But the record does not show that the judgment was rendered because of defendant's failure to pay the costs. The judgment-entry recites, that defendant said nothing in bar or preclusion of the plaintiff's demand. The defendant was in court, in person, and by attorney. No pleas appear by the record to have been filed, and none were offered to be filed. If necessary to sustain the action of the court, we would presume, from the recitals of the minute-entry, that judgment was rendered because defendant failed or declined to plead. After a judgment *nil dicit* in an action of trover, the only question to be referred to the jury, of which plaintiff is required to make proof, relates to the amount of damages. All the charges asked by defendant go to plaintiff's right to recover at all, and were inapplicable, and properly refused.

Affirmed.