# Gluck *v.* Cox.

*Statutory Detinue for Thirty Barrels of Sugar.*

1. *Husband and wife as plaintiffs.*—In an action commenced in the name of a married woman alone, suing to recover personal property *in specie*, which is alleged to belong to her statutory separate estate, the name of the husband as co-plaintiff with her being added by amendment, and another count which alleged that the property belonged to her statutory separate estate under the laws of Mississippi (Code, § 2577), the amended complaint does not disclose a misjoinder of plaintiffs or counts.

2. *Demurrer to evidence; waiver of irregularities.*—A demurrer to evidence may be interposed in any civil case at law, and is not limited to actions on contracts (Code, §§ 2746-7); and when it is interposed by the defendant, and is overruled, he can not complain on error that the record does not show a formal joinder in the demurrer, nor take advantage of other irregularities, which, not having been objected to in the court below, will be considered as waived.

3. *Separate estates of married women under statutes of Mississippi; conveyance by husband to wife.*—Under the statutes of Mississippi creating and regulating the separate estates of married women, as proved in this case, and as construed by the courts of that State, it is not expressly declared that a conveyance by the husband to the wife, which was void at common law, is valid: yet such is the necessary effect of the proviso, which declares such conveyance void as against the existing creditors of the husband, and the conveyance creates in her a legal estate.

4. *Removal of parties, and change of property, as affecting status of wife's estate.*—When husband and wife remove to this State, bringing with them personal property in which the wife has a separate estate under the statutes of Mississippi, their removal does not subject the property to the influence of the statutes of Alabama, nor change the nature of her title to it; nor is the *status* of her estate, or the character of her title, affected by any subsequent change, or successive changes, of one kind of personal property for another.

5. *Lien for freight charges, and who may assert.*—If a sheriff wrongfully seizes personal property under legal process, paying freight charges to the common carrier in whose possession it is at the time of the levy, and sells the property under the process, the owner may maintain an action against the purchaser at the sale, without paying

[Gluck v. Cox.]

or offering to pay such freight charges; the sheriff himself being merely a trespasser, and the purchaser occupying no better position.

6.  *Demurrer to evidence; assessment of damages by jury.*—Under statutory provisions (Code, § 2749), when a demurrer to evidence is interposed, the court may submit the assessment of damages conditionally to the jury already impanneled, or, in its discretion, impannel another jury for the purpose after overruling the demurrer; and the assessment of plaintiff's damages being the only question proper for the consideration of the jury, charges asked by defendant on the merits of the case, re-opening the issues of fact, are properly refused.

APPEAL from the Circuit Court of Tuskaloosa.

Tried before the Hon. SAM. H. SPROTT.

This action was brought by Mrs. Marie L. Cox, the wife of George W. Cox, against Herman Gluck, to recover thirty barrels of sugar; and was commenced on the 10th April, 1882. The original complaint contained only a single count, which alleged that "plaintiff is a married woman, and is the owner of a separate estate, and that the property sued for is a part of the *corpus* of her statutory separate estate." After the reversal on the former appeal (75 Ala. 310), the complaint was amended, by leave of the court, by adding the name of George W. Cox as co-plaintiff with his wife, and by adding another count, which alleged that the property sued for was a part of the statutory estate of Mrs. Cox "created by and under the statute laws of Mississippi;" and those statutes were set out in the count. The defendant demurred to the complaint as amended, "on account of misjoinder of parties plaintiff, and misjoinder of counts;" and the demurrer being overruled, he pleaded the general issue.

On the trial, the plaintiffs introduced evidence showing how Mrs. Cox acquired title to the property sued for; and the defendant demurred to their evidence. The court thereupon discharged the jury which had been impanneled at the commencement of the trial, and held the case under advisement for several days; and afterwards, overruling the demurrer, impanneled another jury to assess plaintiffs' damages. The bill of exceptions states, that the defendant "reserved a separate exception to every act and proceeding of the court, from the announcement of the overruling of the demurrer to the evidence, to the close of the proceedings"—that is, "(1) to the presiding judge stating to the jury that they should assess damages for the plaintiff; (2) to the presiding judge impanneling a jury; (3) to the jury trying said cause; (4) to the cause being submitted to said jury; (5) to the oral charge of the court to the jury." The defendant also requested several charges to the jury, and excepted to their refusal.

The facts shown by the evidence, as to the origin and char-

. [Gluck v. Cox.]

acter of the plaintiffs' title to the property sued for, are stated in the opinion of this court, so far as deemed material. The evidence showed, also, that the barrels of sugar, when they reached Tuskaloosa, in April, 1882, were consigned to "Geo.. W. Cox, agent," and were at the railroad depot when, on the 23d April, the sheriff levied two executions on them against said Cox individually; that the sheriff paid the freight charges to the railroad, and took possession of the property; that he sold the property under these levies, and the defendant in this action became the purchaser, he being also one of the plaintiffs in execution; and that notice of plaintiff's claim was given at the sale. Among the charges requested by the defendant, and refused by the court, were these : (1.) "If the jury believe the evidence, they must find for the defendant." (2.) "If the jury believe that the sheriff paid the freight on the sugar when he took possession of it, and that plaintiff did not refund the freight so paid, or offer to refund it, then they must find for the defendant." '

The overruling of the demurrer to the complaint, the judgment on the demurrer to the evidence, the overruling of defendant's subsequent objections and motions, and the refusal of the several charges asked, are assigned as error.

A. B. McEACHIN, and WOOD & WOOD, for appellant.—(1.) The amendment of the complaint effected a misjoinder of plaintiffs, and also of counts, or causes of action. The first count alleged that the property belonged to the plaintiff's "statutory separate estate," which must be construed to mean her estate held under the laws of Alabama; and the amended count, that it belonged to her separate estate under the laws of Mississippi. If the evidence showed that the property belonged to her separate estate under the laws of Alabama, no recovery could be had under the first count, because of the misjoinder of the husband; and if under the laws of Mississippi, then there was a misjoinder of counts.—*Hamaker v. Hamaker*, 85 Ala. 232. (2.) But the plaintiff showed no legal title to the property, whether held under the laws of Alabama or Mississippi. The origin of her title was a conveyance of other property to her by her husband, which was void at common law, and conveyed only an equitable title under our statutes.—*Gluck v. Cox*, 75 Ala. 310. The statutes of Mississippi have received a similar construction.—*Frierson v. Williams*, 57 Miss. 461, which approves *Pickens v. Oliver*, 29 Ala. 528; also, *Ratcliffe v. Dougherty*, 24 Miss. 181; *Wiley v. Gray*, 36 Miss. 510. Even if the original gift to plaintiff conveyed a legal title under the laws of Mississippi, the property here sued for, under the facts

[Gluck v. Cox.]

proved, is to be regarded as a new acquisition.—*Loeb v. Manasses*, 78 Ala. 557; *Bush v. Henry*, 85 Ala. 605; *Castleman v. Jeffries*, 60 Ala. 380.   (3.) A demurrer to evidence is not authorized in such an action as this.—Code, §§ 2746-9.  If authorized, the proceedings were irregular, and the defendant's objections to them ought to have been sustained.   There was no joinder in the demurrer, and other errors are patent on the record.   (4.) The sheriff paid the freight on the property, which was a lawful charge on it in favor of the carrier; and the plaintiff could not recover without offering to refund the money.—*Gluck v. Cox*, 75 Ala. 310; *Rucker v. Donover*, 13 Kans. 351, or 18 Amer. Rep. 84; *Openheimer v. Russell*, 3 Bos. & P. 42; 2 Kent's Com. 441.

COCHRANE & FITTS, and J. M. MARTIN, *contra.*—(1.) The conveyance to the plaintiff by her husband created in her a separate estate under the statutes of Mississippi, and gave her a legal title to the property.—*Baygents v. Beard*, 41 Miss. 531; *Bank v. Williams*, 46 Miss. 626; George's Miss. Digest, 400, § 78.   (2.) The subsequent removal of the property to another State, and the changes of one species of property for another, did not affect the character or *status* of the plaintiff's estate. *Gluck v. Cox*, 75 Ala. 310; *King v. Martin*, 67 Ala. 177; *Cahalan v. Monroe, Smaltz & Co.*, 70 Ala. 271; *Gilkey v. Pollock*, 82 Ala. 503.   (3.) The sheriff was a trespasser in seizing plaintiff's property under execution against another person, and paid the freight charges in his own wrong; and neither he, nor the purchaser at the execution sale, can claim to be subrogated to the lien of the common carrier.—*Briggs v. Railroad Co.*, 6 Allen, Mass. 246; *Salters v. Everett*, 20 Wend. 286: *Ames v. Palmer*, 42 Maine, 197; 8 Pick. 73, or 19 Amer. Dec. 303; *Young v. Railway Co.*, 80 Ala. 100. (4.) A demurrer to evidence may be interposed in any civil action at law.—*Martin v. State*, 62 Ala. 241; *Shaw v. White*, 28 Ala. 540; *Curtis v. Daughdrill*, 71 Ala. 591.   (5.) After the overruling of the demurrer, the plaintiff was entitled to judgment for the damages assessed by the jury, and the defendant could not, by a request for charges, have them again pass on the questions involved; nor can he here complain of irregularities which were waived by the failure to object to them.   °

CLOPTON, J.—The action, brought for the recovery of chattels *in specie*, was originally commenced in the name of Mrs. Cox as sole plaintiff.   In consequence of the decision of this court on the former appeal, to the effect that, on the case as

[Gluck v. Cox.]

presented by the record then before us, Mrs. Cox acquired but an equitable right, and could not maintain detinue, the complaint was amended by joining her husband, G. W. Cox, as co-plaintiff, and by adding another count. The count added avers, that the sugar sued for was a part of the statutory separate estate of Mrs. Cox, created under the laws of Mississippi, and sets forth the statute of that State creating separate estates of married women. Neither count of the complaint states the person from whom, or the manner in which, her separate estate was derived; but this is not requisite. The form of a complaint for the recovery of chattels *in specie*, prescribed by the Code, contains no averment that the property is in the plaintiff. It has. been ruled, that a complaint pursuing the prescribed form must be understood as asserting such interest in the subject-matter of the suit as may be recovered in that action by the plaintiff stated in the margin of the complaint. If, on the trial, the evidence fails to establish such interest, the question is resolved into one of variance between the allegations of the complaint and the proof. *Pickens v. Oliver*, 29 Ala. 528.

We must, therefore, construe the complaint as averring that Mrs. Cox has an interest in the subject-matter of the suit. Section 2892 of Code, 1876, corresponding with section 2577 of present Code, declares: "Husband and wife must be joined, either as plaintiffs or defendants, when the wife has an interest in the subject-matter of the suit, unless the suit relate to her separate estate, when she must sue and be sued alone." The latter clause of the section having uniformly been construed to relate exclusively to separate estates created under the statutes of this State, and it appearing from the complaint that Mrs. Cox has an interest in the subject-matter of the suit, under the first clause of the section, she and her husband should be joined as plaintiffs. It was expressly so decided in *King v. Martin*, 67 Ala. 177, and *Bush v. Garner*, 73 Ala. 162; the last case being a suit for cotton which was the separate estate of the wife under the laws of Mississippi. The complaint does not disclose a misjoinder of plaintiffs or counts.

Defendant interposed a demurrer to the evidence; and now insists that such demurrer, in actions of this kind, is unauthorized, under the provisions of the Code. The insistence is based on section 2746, which, by its terms, is limited to actions on contracts; it was not intended to abolish the existing and established right to demur to the evidence in other civil actions. The section was incorporated in the Code of 1852, and has been brought down through the successive Codes to the present, without alteration. Since its first introduction, de-

murrers to the evidence have been allowed as matter of right in all civil cases. After having voluntarily invoked and exercised the right, and permitted the same to proceed to the rendition of judgment on the demurrer, defendant can not complain in this court, for the first time, of irregularities in the proceedings not objected to in the trial court; in such case, the presumption will be indulged that the irregularities were waived.—*Armstrong v. Armstrong*, 29 Ala. 538; *Curtis v. Daughdrill*, 71 Ala. 590; *Martin v. State*, 62 Ala. 241. The judgment-entry is silent as to a joinder in the demurrer; but the record shows that the demurrer was argued by counsel for plaintiff and defendant, and the court pronounced judgment thereon without objection. In this state of the record, it will be presumed that there was a formal joinder, or that it was waived.

The statute declares the effect of a demurrer to the evidence to be, "an admsssion by the party demurring of the truth of the evidence demurred to, and of every inference and conclusion which a jury could legally deduce therefrom; and devolves on the court the determination of the issue of fact between the parties, as well as the law."—Code, § 2747.

The court is bound to render judgment against the demurrant, if the jury, in the exercise of their function to determine the weight and sufficiency of the evidence, and to draw inferences and conclusions therefrom, could legally have found a verdict against him. Every fact and circumstance disclosed by the evidence has a legitimate tendency to show plaintiff's right to recover. Drawing the conclusions from the evidence which could have been legally drawn by a jury, the court could do nothing less than render judgment against the defendant, unless Mrs. Cox's right to the property sued for is cognizable only in a court of equity, or she has a separate estate in the property created under the laws of this State; which we proceed to consider.

The contention that her right is purely equitable, is based on the following facts: The plaintiffs resided, and were married, in Mississippi, in November, 1865. Shortly after their marriage, and while residents of that State, Cox made to his wife a deed of gift to personal property amounting in value to six thousand dollars. The property was sold, and the money loaned to him by his wife. After passing through several mutations, a part of the proceeds of the sale was invested, in 1882, in the purchase of thirty barrels of sugar, being the property sued for, while residing in Alabama. When this case was before the court on the former appeal, it was ruled, that Mrs. Cox by the deed of gift from her husband, made

while they were residents of Mississippi, acquired but an equitable right. There was no proof of the law of Mississippi, and the ruling was based on the presumption, in the absence of such proof, that the common law prevailed in that State, by which the husband could not convey to his wife the legal title to any property. On the last trial, the statutes of Mississippi creating separate estates of married women, enacted in 1857, were introduced in evidence, and are contained in the present record. By these statutes, "every species and description of property, whether consisting of real or personal estate, and all money rights and credits, which may be owned by or belong to any single woman, shall continue to be the separate estate of such woman, as fully after her marriage as it was before, and all such property or rights, of whatever name and kind, which shall accrue to any married woman by will, descent, distribution, deed of conveyance, recovery, or otherwise, shall be owned, used and enjoyed by such married woman, as her own separate property; and such property, whether owned by her before marriage, or which may have accrued to her afterwards, shall not be subject or liable to be taken in satisfaction of the debts of the husband." The rents, issues, profits, products and income of such property also enure to the wife as her separate property. The statutes may be fairly construed, and this is the construction placed upon them by the Supreme Court of the State, not to relate to equitable separate estates acquired and held under instruments creating them according to the established rules in equity.—*Frierson v. Williams*, 57 Miss. 451.

In the absence of explanatory or modifying provisions, it may be that the statutes would be construed as not relating to property conveyed by the husband to the wife; such conveyance being void at law, and vesting in her an interest which can be upheld only in a court of equity. In *Ratcliffe v. Dougherty*, 24 Miss. 181, the act of 1839 was construed to work no change in the law relative to gifts or conveyances from the husband to the wife, and to leave her rights in relation thereto subject to the provisions as they existed anterior to its passage. But the statutes of 1857 contain a proviso, "that any deed from the husband to the wife shall be void against his creditors, who were such at the time of executing the deed." The natural and appropriate office of a proviso is to restrain or qualify some preceding matter, unless it appears that it was intended to apply to subsequent matter; its effect is to restrain and control the construction of the enactment. Unless the broad and comprehensive terms of the statute are construed to abrogate the rule, that a conveyance from the

22

[Gluck v. Cox.]

husband to the wife is void, and to authorize the making of such deed at law, except in the prohibited case—unless the proviso has the effect to take out of the general · clause something otherwise included,—it is without operation and nugatory.

This construction was placed upon the statute by the Supreme Court in *Baygents v. Beard*, 41 Miss. 531, which involved the validity of a voluntary conveyance made by the husband to the wife. It is said: "The deed was not void at law. By article 23, chapter 40 of the Revised Code, it is provided, 'that any deed from the husband to the wife, for her use, shall be void against his creditors who were such at the time of executing the deed.' Inasmuch as, prior to this enactment, all deeds from the husband to the wife were void at law, this clause can only be made operative in any case, by construing it to mean that such deeds shall be void *only* as against the creditors of the husband, and that deeds from the husband to the wife shall be valid unless they come within the exception as to such creditors. We think it was clearly the intention of the legislature to authorize conveyances to be made directly by the husband to the wife, subject only, as in all other cases, to the rights of his creditors." Under this construction, the property given by Cox to his wife was her separate estate, created under the laws of Mississippi, and was a legal estate.

Plaintiffs moved in 1869 from Mississippi to Texas, where they remained about one year, and thence to Alabama, bringing with them the money, the proceeds of the property, loaned to Cox by his wife. A part of the money, forty-five hundred dollars, which was given by him to his wife in part payment of what he owed her, was deposited in the First National Bank of Tuskaloosa, in the name of Mrs. Cox, and drawn out upon drafts. This money was invested in a mercantile business, with Palmer, with whom she entered into copartnership. After the business had continued about six years, Cox purchased the half interest of Palmer, and also the half interest of his wife, for which he gave her his note for four thousand dollars. In payment of the note, he transferred to her factory stock, and notes and mortgages, with a part of the proceeds of which the thirty barrels of sugar in controversy were purchased. These several mutations worked no change in the character or *status* of Mrs. Cox's estate. It is well settled, that a separate estate, created under the laws of another State, is not converted into a separate estate created under the statutes of this State, by the removal of the parties and property into Alabama, or by the change of one species of personal property into another; the *status* of the estate remains the same.—*Bush v. Garner*,

[Kimbrell v. Rogers.]

*supra; Cahalan v. Monroe,* 70 Ala. 271; *Gluck v. Cox,* 75 Ala. 318; *Loeb v. McCullough,* 78 Ala. 535.

The payment of the freight on the sugar, paid by the sheriff when he seized it, is not essential to the right to maintain the suit. The sheriff wrongfully seized the sugar, and was a trespasser; and defendant, who purchased it at the sale under execution against Cox, occupies no better position than a person who pays the debt of another without his request or consent. He has no right of subrogation to the lien of the common carrier.—*Saltus v. Everett,* 20 Wend. 286. This is unlike the case of *White v. Sheff. & Tus. Str. Railway Co., ante,* 253. In that case, White obtained the engine under an order from the president of the company, acting at his instance and request, and, in order to do so, had to pay the freight.

There is nothing in the objection that the court discharged the first jury, and, when judgment was rendered in favor of plaintiffs, impanneled another to assess the damages. The statute provides: "If the court determines the issue for the plaintiff, a jury must be immediately impanneled to ascertain the damages, if unliquidated; or the jury, if one has been impanneled, may be required to assess the damages conditionally previous to their discharge."—Code, § 2749. Whether the damages shall be assessed conditionally by the jury first impanneled, or by a jury impanneled after the determination of the issue for the plaintiff, is discretionary with the court.

After the demurrer to the evidence was interposed, and judgment rendered thereon in favor of the plaintiff, it was not competent for the defendant to re-open the merits, and re-try the issues of fact by a jury. All the charges requested by defendant were properly refused.—*Maund v. Loeb,* 87 Ala. 374.

The record does not show that any objection was made separately to the action of the court submitting to the jury, impanneled to ascertain the damages, the evidence written and signed by the judge, and made a part of the record. The propriety of such action is not presented for consideration.

Affirmed.