13 So.2d 696

**SOUTHEASTERN GREYHOUND LINES, Inc., v. BERRIE.**

6 Div. 943.

Court of Appeals of Alabama.
May 18, 1943.

Lange, Simpson, Brantley & Robinson and Oliver Brantley, all of Birmingham, for appellant.

Thos. Seay, of Birmingham, for appellee.

RICE, Judge.

This is an appeal by the Southeastern Greyhound Lines, a corporation, the defendant below, from a judgment of the Circuit Court of Jefferson County in favor of the plaintiff.

The complaint was in tort for damages, seeking recovery of the value of a purse and its contents.

There were two counts in the complaint, both of which set up the fact that defendant was a common carrier of passengers and plaintiff a passenger for hire.

Count 1 then charged that defendant "failed to use reasonable care to protect plaintiff's baggage" and as a proximate consequence thereof the baggage was lost. Count 2 simply set up that "the defendant's servants, agents or employees, whose identity is to plaintiff unknown, did on said occasion steal or purloin plaintiff's hand bag with the contents thereof," etc.

The defendant's demurrer addressed to the complaint and to each of these counts, separately, was overruled. Thereafter, the pleading was in short by consent.

Briefly and essentially plaintiff's testimony showed that she and her husband boarded the defendant's bus at Pulaski, Tennessee, for passage to Birmingham, Alabama, the plaintiff carrying her purse. The purse (bag) was never checked nor was possession surrendered to the operator —it being kept in the possession of the plaintiff and by her or her husband hung on the arm of the seat.

The only two witnesses testifying were the plaintiff and her husband. And while neither of them testified directly that the purse or bag was still hanging on the arm of the seat where they were sitting when the bus arrived at the station in Birmingham, or that it was on or about the seat, or in the bus, their testimony gave rise to a reasonable inference that it was so.

When the bus arrived at the station in Birmingham, plaintiff and her husband were the last passengers to alight—the husband testifying that he knew those other people getting off before them "did not pick up the pocket book" (meaning the purse or bag the loss of which was the basis of the suit).

Plaintiff and her husband, after alighting, walked through the station out into the street, and were in the act of boarding a street car, when they noticed the bag (called indiscriminately in the testimony, bag, purse or pocketbook) was not with them. They returned at once to the Bus Station—or perhaps just the husband did—and found that the bus on which they arrived had been sent to the garage. The bag was never found.

We will not further detail the testimony, but suffice to say, it gave rise to a reasonable inference that, if the bag was on the bus when it reached the station, it was taken by one or the other of defendant's employees.

At the close of the plaintiff's testimony (constituting all the evidence in the case) —essentially stated hereinabove—the defendant demurred to same. Its demurrer was overruled; the jury, already empanelled and standing by, called to assess plaintiff's damages; judgment was entered; and this appeal followed.

The procedure, while slightly novel, is not new. Gluck v. Cox, 90 Ala. 331, 8 So. 161.

It seems well, however, to set down some of the principles that govern.

■ The effect of a demurrer to the evidence is to admit every fact which the testimony establishes, or reasonably tends to establish.

"The court does not stand in the place of a jury, to render such a judgment as the jury ought to have rendered, but to render one against the defendant, if the jury, from the evidence, could legally have done so." Shaw v. White, 28 Ala. 637, 640; Bates' Adm'r v. Bates, 33 Ala. 102.

■ "When the demurrer to the evidence was overruled, the liability of defendant, under any count of the complaint which stated a cause of action, was conclusively established, and the only issue for submission to the jury was as to the amount of damages to be awarded the plaintiff." McCarty v. Williams, 212 Ala. 232, 102 So. 133, 135, citing Gluck v. Cox, 90 Ala. 331, 8 So. 161; and Maund v. Loeb, 87 Ala. 374, 6 So. 376.

Here, as in the McCarty v. Williams case, from the opinion in which the last hereinabove quotation is taken, the "trial court did not err in following this procedure."

But it will be noted that the trial court, in the circumstances in question, could only render judgment against the defendant "if the jury, from the evidence, could legally have done so"—meaning, of course, if the jury could legally, from the evidence, have "returned a verdict" against the defendant.

And right here, we are persuaded, the learned trial court overlooked something that caused his judgment overruling defendant's demurrer to the evidence to be afflicted with error.

■ Nothing seems more clearly established by the decisions of our Supreme Court than that one fact cannot be inferred from another fact, which itself is but an inference. Gadsden General Hospital v. Bishop, 209 Ala. 272, 96 So. 145. And see Ala. & So. Digest, Evidence, ☞ 54.

As was said by Mr. Justice Brown for our Supreme Court, in the opinion in the case of Atlantic Coast Line R. Co. v. R. L. Cooper Lumber Co., 219 Ala. 484, 122 So. 661, 662: "It is a well-established rule that an inference cannot be grounded upon another inference. The fact used as the basis of the inference, the terminus a quo, so to speak, must be established in a clear manner, de-

void of uncertainty.' Chamberlayne, Modern L. of Ev. § 415; 10 R.C.L. 870, § 13; Gadsden General Hospital v. Bishop, 209 Ala. 272, 96 So. 145. In Diel v. Missouri Pac. R., 37 Mo.App. 454, the court observed: 'To hold that the fact thus inferred or presumed at once becomes an established fact, for the purpose of serving as a base for a further inference or presumption, would be to spin out the chain of presumptions into the regions of the barest conjecture.' See, also, United States v. Ross, 92 U.S. 281, 23 L.Ed. 707; Atchison, Topeka & Santa Fe R. Co. v. Baumgartner, Adm'r, 74 Kan. 148, 85 P. 822, 10 Ann.Cas. 1094, and note, page 1096, where the cases are collected."

In this case the evidence shows that the last time the purse was noticed the bus was "several miles out." The witness heard the jangling as it hung on the arm rest.

There is no testimony as to when the purse fell or was removed from the arm rest; there is no indication in the testimony as to whether or not the purse was still in the bus when the bus arrived at the station, or in whose possession it was at that time.

It is all too plain that the only way a jury could have arrived at a verdict in favor of the plaintiff would have been, first, to infer that the purse was still on the arm rest, or in the bus, when plaintiff alighted; and, second, that an agent or employee of defendant, in charge of the bus, or working in connection with it, stole same. This, as we have seen above, it could not do.

For that reason the judgment of the trial court overruling appellant's demurrer to the evidence was laid in error. And for this error the judgment appealed from must be reversed, and the cause remanded.

It might be well to state, before we close that the demurrers were improperly overruled as to each count of the complaint: To count 1, because in said count "the place of the injury is not stated with sufficient certainty and definiteness as to acquaint the defendant with it so it could prepare its defense." Louisville & N. R. Co. v. Whitley, 213 Ala. 525, 105 So. 661, 662.

A further defect in this said count 1 is, probably, that it failed to allege whether or not the purse was "checked" as baggage, or retained in the possession of the plaintiff. But perhaps no ground of the demurrer interposed "took this point."

To count 2 of the complaint the demurrer was improperly overruled because said count seeks to hold defendant liable as an insurer against the loss of plaintiff's baggage.

This court, in Louisville & Nashville R. Co. v. Dickson et al., 15 Ala.App. 423, 73 So. 750, 752, certiorari denied Ex parte Louisville & N. R. Co. v. Dickson et al., 199 Ala. 699, 74 So. 1005, quoted with approval 1 Hutchinson on Carriers Sec. 109 to the effect: "If the owner of baggage does not deliver it to the carrier, but retains it in his custody—'he thereby assumes the responsibility, and cannot hold the carrier for the loss of it, unless the loss occurs from the negligence or fault of the carrier, in which event he would be liable, not as a common carrier, but as an ordinary bailee for hire.' "

Measuring this count 2 against the law as just quoted, and construing it against the pleader as is required, it is apparent that as plaintiff retained her purse (baggage) in her custody, the defendant—it being lost—was only liable "as an ordinary bailee for hire"; or, that it was held only "to the exercise of ordinary care." Said count fails to aver any dereliction in that regard. See Kravitz v. Parking Service Co., Inc., 29 Ala.App. 523, 199 So. 727.

Reversed and remanded.