130 So.2d 209

**O. Rex HARRELSON**

v.

**James E. JACKSON, d/b/a Jackson's Garage.**

**4 Div. 443.**

Court of Appeals of Alabama.

May 9, 1961.

Prestwood & Prestwood, Andalusia, for appellant.

W. H. Baldwin, Andalusia, for appellee.

PRICE, Judge.

This is an appeal by O. Rex Harrelson, the defendant below, from a judgment of the Circuit Court of Covington County in favor of plaintiff.

The complaint, on the common counts, claims $316.51 due by account, for work and labor done for the defendant by the plaintiff at his request.

The only witness testifying on the trial was the plaintiff, James E. Jackson. He stated that he was a garageman doing business in Andalusia as Jackson's Garage. His method of bookkeeping was to itemize the labor and parts for each job when done and to mail the original bill with the statement at the end of the month; that his records were kept in an accounts receivable book; that his accounts receivable ledger introduced in evidence shows that the June and July accounts of the Harrelson Pure Oil Station were paid; that the September 1, 1959, billing to Harrelson Pure Oil Sta-

tion shows a balance due of $350.02. This amount was the charge for rebuilding the motor and powerglide transmission in Rex Harrelson's personal automobile; that after the work was done defendant made a partial payment on the amount owed plaintiff, and that $316.51 is the amount due and unpaid.

On cross-examination the plaintiff testified as follows:

"Q. * * *, I am showing you your account book here. This entry right here $350.02? A. Right.

"Q. Now that is made out to Harrelson Pure Oil Station, isn't it? A. Right.

"Q. And your next entry that I see here is to Rex Harrelson, $316.51? A. He was probably out of business at that time and it was back to an individual.

"Q. Well, is this supposed to be the same account on the other side? A. That's the same account.

"Q. In other words, this account right here, $350.02, is the same as * * * (interrupted) A. The same as Rex Harrelson.

"Q. The same as this account right here with $316.51 balance? A. That's right."

■ At the close of the plaintiff's testimony the defendant demurred to the same. The demurrer was overruled. Plaintiff's damages were assessed at $316.51, and judgment for said amount was entered.

"The effect of a demurrer to evidence is an admission by the party demurring of the truth of the evidence demurred to, and of every inference and conclusion which a jury could legally deduce therefrom; and devolves on the court the determination of the issue of fact between the parties, as well as the law." Title 7, Section 244, Code 1940; Sovereign Camp, W. O. W., v. Burrell, 204 Ala. 210, 85 So. 762; McCarty v. Williams, 212 Ala.

232, 102 So. 133; Southeastern Greyhound Lines v. Berrie, 31 Ala.App. 178, 13 So.2d 696.

It is appellant's contention that the court erred in overruling the demurrer to the evidence for the reason that the allegations of the complaint and the proof adduced in support thereof do not correspond, in that, the complaint claims against O. Rex Harrelson, whereas the proof shows the account was initially charged to Harrelson Pure Oil Station, and it is not shown whether Harrelson Pure Oil Station was an individual, partnership or corporation, or that Rex Harrelson and Harrelson Pure Oil Station are one and the same defendant.

■ In Jones on Evidence, Fifth Edition, Volume 4, Sec. 983, p. 1852, it is said:

"While it is as true, under the modern system of pleading as under the common law, that the plaintiff cannot recover if the evidence establishes a wholly different case from that which has been alleged, it has long been the general rule that a substantial, not a literal agreement between pleading and proof is all that is required."

See also Pure Oil Co. v. Cooper, 248 Ala. 58, 26 So.2d 249; Harper v. Griffin Lumber Co. et al., 250 Ala. 339, 34 So.2d 148.

■ The inference reasonably to be drawn from the evidence was that O. Rex Harrelson was an individual doing business at one time as Harrelson Pure Oil Station. There was no fatal variance between the action against O. Rex Harrelson and the proof showing that the account was first charged to Harrelson Pure Oil Station, but was in fact the personal account of O. Rex Harrelson. Austin et al. v. Beall, 167 Ala. 426, 52 So. 657.

■ In 88 C.J.S. Trial § 235, p. 539, it is said that a demurrer to the evidence is properly overruled "where there is any evidence in any permissible inference reasonably tending to sustain the claims of a party; or where there is any evidence to sustain plaintiff's case, * * *."

Under the evidence adduced we are of opinion the demurrer to the evidence was properly overruled.

Affirmed.