## GILMER v. WIER.

1. One who, as administrator, improperly sues out an attachment, is liable to respond in damages personally. He cannot, by his tortious conduct, subject the estate he represents, to an action for damages.

Error to the Circuit Court of Cherokee.

THE action was brought to recover damages for improperly suing out three attachments, against the defendant in error. The defendant demurred to the declaration, which was overruled by the Court, and judgment rendered for the plaintiff. The error assigned is, the overruling the demurrer to the declaration.

MOORE, for plaintiff in error.

ORMOND, J.—The objection taken to the declaration is, that there is a misjoinder of counts. This objection rests upon the fact, that in one count of the declaration, the attachment is alledged to have been sued out by Gilmer, in his own name, and in two other counts, that in suing out the attachment, he described himself as the administrator of J. Waters, deceased. This is certainly not a misjoinder of counts. In all, he is proceeded against individually, and could not have been sued in any other mode. He could not be sued as the administrator of J. Waters, because describing himself as such, and to recover a debt due the estate, he improperly sued out an attachment; nor could he subject the estate to an action for damages by his tortious conduct. He was therefore liable to respond personally for the injury, and was properly sued in his individual character.

The statement in the declaration, is mere matter of description, which was not necessary, but which does not vitiate. The judgment must therefore be affirmed.