BENSON & CO. *vs.* McCOY.

[ACTION TO RECOVER DAMAGES FOR WRONGFUL AND MALICIOUS ATTACHMENT.] .

1. *When action lies for suing out attachment.*—In an action to recover damages for the wrongful and malicious suing out of an attachment, a charge, instructing the jury, "that if the defendants did not sue out the attachment with malice, or from a disposition to vex or harass the plaintiff, but honestly believed that they had reasonable and probable cause to sue out the attachment," then the plaintiff was not entitled to recover, asserts a correct legal proposition.

APPEAL from the Circuit Court of Wilcox.
Tried before the Hon. NAT. COOK.

THIS action was brought by John W. McCoy, against J. P. Benson & Co., to recover damages for the wrongful and malicious suing out of an attachment. "On the trial," as the bill of exceptions states, "the plaintiff offered evidence to show, that an attachment was wrongfully sued out against his property by the defendants, and that he had thereby sustained some actual damages; while the defendants offered evidence tending to show, that they had reasonable and probable grounds for suing out said attachment; that it was sued out without malice, or any disposition to vex or harass the plaintiff; that the attachment was levied by garnishment, and that the fund in the hands of the garnishee was condemned to the satisfaction of their debt. The defendants asked the court to charge the jury, that if they believed from the evidence that the defendants did not sue out the attachment with malice, or from a disposition to vex or harass the plaintiff, but honestly believed that they had reasonable and probable cause to sue out the attachment at the time when said attachment was sued out, then the plaintiff is not entitled to recover in this action. The court refused to give this charge, and the defendants excepted;" and they now assign the refusal of said charge as error.

WATTS, JUDGE & JACKSON, for appellants.

D. W. BAINE, contra.

R. W. WALKER, J.—The substance of the charge which was asked by the defendants, as we understand it, was, that if the attachment was sued out without malice, or any disposition to vex or harass the plaintiff, and under an honest belief that there was probable cause, the plaintiff was not entitled to recover. Placing this construction upon the charge, it is clear that the court erred in refusing to give it; for, since the Code, an action on the case will not lie for suing out an attachment, unless it is sued out maliciously, and without probable cause, as well as wrongfully.—McKellar v. Couch, 34 Ala. 336, and authorities cited; also, Vandryon v. Linderman, 10 John. 106; De Medina v. Grove, 10 Ad. & Ell. (N. S.) 152, 168; S. C. ib.

172, 177; Churchill v. Siggers, 3 Ell. & Black. 937; Olinger v. McChesney, 9 Leigh, 660; 2 Greenl. Ev. §§ 449, 453.

We do not think that this charge raises, and therefore we do not consider the question, whether the existence of what is called *malice* may not be consistent with the absence of a disposition to vex or harass, and with an honest belief that there is reasonable and probable cause for suing out the attachment. For, if we suppose that the charge had been given as requested, and that the evidence had satisfied the jury that the attachment was sued out with malice, it is obvious that the basis of the charge would have been at once destroyed; and in that event, it could not have been looked to, (no matter what the other evidence in the case might have been,) as a direction to find for the defendants. If the plaintiff desired a definition of malice to be given to the jury, he could have attained his object by a prayer for additional instructions.

Judgment reversed, and cause remanded.