# Brown v. Master.

*Action for Malicious Prosecution of an Attachment Suit and Malicious Abuse of Process.*

1. *Malicious prosecution of an attachment suit; sufficiency of complaint.* In an action for malicious prosecution in suing out a writ of attachment, a complaint, which negatives the existence of the statutory ground for the issuance of the attachment stated in the attachment affidavit, denies the existence of any and all statutory grounds for the issuance of the writ, and is sufficient as against a demurrer that such complaint "fails to negative or deny that any statutory ground existed for the issuance of the attachment."

2. *Same; same; burden of proof.*—In an action for malicious prosecution in suing out a writ of attachment, an averment in the complaint that the defendant had no probable cause to believe there existed the ground for the issuance of the writ which he states in his attachment affidavit existed, is *prima facie* a negation of defendant having probable cause to believe the existence of any ground for the issuance of the writ; and while probable cause in respect of some other ground may be shown, it is defensive matter, and the burden of proving it is upon the defendant.

3. *Same; same.*—In such a case, an averment in the complaint that the writ of attachment was wrongfully, vexatiously, and maliciously sued out is the negation of the existence of all probable cause for the issuance of the writ, since such averment could not be true, if there was probable cause for believing that any one of the statutory grounds for its issuance existed.

4. *Same; joinder of causes of action.*—In an action for malicious prosecution in suing out a writ of attachment, a complaint is not demurrable for misjoinder of distinct causes of action, because it seeks to recover, (1), for wrongfully causing the writ to be issued; (2), for wrongfully causing the same to be levied; (3), for excessive levy; and, (4), for improper conduct in making the levy; all the matters thus specified being component parts of the malicious prosecution complained of.

5. *Malicious abuse of attachment process; damages recoverable; sufficiency of complaint.*—In an action for the malicious, wrongful and vexatious abuse of attachment process, which was legally and rightfully issued, damages may be recovered for injuries caused by trespass upon the realty or upon the personalty, or for closing plaintiff's store, there being no necessity therefor in the due execution of the writ, or for an excessive levy upon goods, or for an unlawful and damaging detention of the goods so levied upon; and a complaint which alleges the commission of these wrongs and seeks to recover damages therefor is not demurrable for misjoinder of distinct causes of action.

6. *Malicious prosecution of attachment suit; admissibility of evidence.* In an action for malicious prosecution in suing out a writ of attachment, evidence as to what inquiry an agent of defendant made respecting the plaintiff, her character, &c., and the information he received upon such inquiry, whether the facts thus ascertained by said agent imported probable cause for an attachment or not (he not suing out the attachment) is inadmissible; but a letter from such agent to defendant, which contained facts tending to strengthen the circumstances already known to her, according to her own testimony, going to show probable cause for believing there existed a ground for an attachment against plaintiff, is admissible.

7. *Same; what necessary to maintain it.*—To sustain an action for malicious prosecution in suing out an attachment, the plaintiff must prove, (1), that the attachment was wrongfully sued out; (2), that it was sued out maliciously; and, (3), that it was sued out without probable cause.

8. *Same; damages to clerk not recoverable.*—In an action for malicious prosecution in suing out a writ of attachment, the plaintiff is not entitled to recover damages for injuries to her sister who was clerking in the store at the time of the levy, plaintiff being temporarily absent; but the jury may consider, on the inquiry of malice, any threats or insulting words used by defendant to said sister at the time of the levy.

9. *Same; charge of court to jury; definition of malicious act.*—In an action for malicious prosecution in suing out a writ of attachment, a charge of the court to the jury that "Whatever is done wrongfully, vexatiously and purposely is, in law, maliciously done," is a correct definition of a malicious act, and the giving of such an instruction is not erroneous; but the further instruction to the jury in such case that "If you find that the attachment is vexatiously, as well as wrongfully sued out, you can give the plaintiff exemplary or vindictive damages," is erroneous because it pretermits all inquiry as to the existence of probable cause for the issuance of the writ, and it should not be given.

10. *Charge as to sufficiency of the evidence.*—To authorize a verdict for the plaintiff in a civil case, the jury must be "reasonably satisfied" of the existence of every fact necessary to make out his case; but a charge which instructs the jury that they must find against plaintiff

[Brown v. Master.]

"if the evidence leaves them confused or uncertain as to the exist-
ence" of such facts, requires too high a measure of proof, and is prop-
erly refused.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. JAMES T. JONES.

This action was brought by the appellee, Margaret
Master, against the appellant, Annie Brown, on Novem-
ber 28, 1891; and sought to recover damages arising
from the levy of an attachment upon a stock of goods
owned by the plaintiff. The complaint contained two
counts, the substance of each of which is sufficiently
stated in the opinion. The affidavit of the defendant,
Annie Brown, upon which the attachment was issued,
stated, as a ground for the issuance of said attachment,
"that said Maggie Master has made substantially a trans-
fer of her stock of goods in the store, which she rented
from affiant, without her consent, and without having
first paid the rent in full for the term."

The defendant demurred to the first count of the com-
plaint upon the following grounds : 1st. The said count
fails to negative or deny that any statutory ground ex-
isted for the issuance of said attachment. 2d. Because
it fails to allege that the defendant did not have probable
cause for believing that some one of the statutory grounds
for attachment existed at the time of the suing out of
said attachment. 3d. Because it fails to deny the de-
fendant had probable cause for suing out said attach-
ment. The fourth ground of demurrer is stated in the
4th paragraph of the opinion. 5th. Because it fails to
allege that said defendant caused said attachment to be
issued wrongfully, maliciously and without probable
cause. 6th. There is a misjoinder of actions in the said
count, as enumerated in the 4th ground of demurrer.
7th. There is an improper joinder of actions, as enumer-
ated in the fourth ground of demurrer.

To the second count of the complaint the defendant
demurred upon the following grounds : 1st. That said
count is ambiguous and uncertain in stating several in-
dependent causes of action without disclosing which is
relied on, to-wit : (1.) Trespass to realty. (2.) Tres-
pass to personalty. (3.) Procuring attachment wrong-
fully, and maliciously and without sufficient affidavit.
(4.) Causing levy wrongfully, maliciously and vexa-

tiously. (5.) For unlawful detention of goods. 2d. There is a misjoinder of actions in said count, as enumerated in the first ground of demurrer. 3d. There is an improper joinder of actions in said count, as enumerated in the first ground of demurrer. These several grounds of demurrer were overruled.

The defendant then interposed the following pleas, upon which issue was joined : "1. Comes the defendant and for answer to the first count says that said attachment was not maliciously sued out by her. 2. And for answer to the second count she says that further than to make the affidavit set forth in the complaint and casually to be present when the levy was made, this defendant is not guilty of the matter alleged in said second count. 3. And for further answer to the complaint, the defendant sayeth that she is not guilty of the matters alleged therein."

The evidence for the plaintiff tended to show that she rented the storehouse from the defendant for a term, commencing from May 15, 1891, to November 1, 1891, at the rate of $16. per month, payable in advance ; that she paid two weeks rent in advance prior to moving into the store ; that her stock of goods in the store was worth from $750 to $1,000, that a few days after she moved into the storehouse, while she was away from the city of Mobile, the defendant caused a writ of attachment to be issued and levied upon a part of the stock of goods in her storehouse, and had the same removed therefrom. That prior to her leaving Mobile, just before the levy of the attachment, her uncle, one Blalack, had offered to buy the goods, and that she said to him that she would not sell the stock of goods unless she could obtain the consent of the agent of the defendant, through whom she had rented the property, that the lease should be transferred to Mr. Blalack ; but that no sale had been consummated at the time of the levy, nor had she sold any portion of the goods except in the regular course of trade. The evidence for the plaintiff also tended to show that at the time of the levy of the attachment, her sister, a girl 17 years old, who was in possession of the goods, was rudely treated by the defendant and the constable who levied the attachment ; and that her stock of goods was torn up and very much damaged.

The testimony for the defendant tended to show that

the storehouse in question was rented to the plaintiff on May 8, 1891 the terms of the lease commencing May 15, 1891, and that the plaintiff went into possession on May 9, 1891; that her agent, J. K. Glennon, was informed that the plaintiff was selling off a substantial portion of her stock of goods, and that Blalack had told him that the plaintiff was thinking of selling to him; that thereupon the defendant, with her agent, went to an attorney, who advised the issue of an attachment, and that upon this advice she made the affidavit and had the attachment issued accordingly. The testimony for the defendant was in conflict with that of the plaintiff as to the manner in which the levy was made, and the value of the goods levied upon; her testimony tending to show that there was only about $30 worth of goods taken by the constable under the writ of attachment.

J. K. Glennon was introduced as a witness for the defendant, and testified that he was a real estate agent in the city of Mobile, and had been such for a number of years; that he, as agent for the defendant, rented the storehouse in question to the plaintiff; that he wrote a letter on May 15, 1891, to Mrs. Brown, of which the following is a copy: ''I made inquiry today in reference to your new tenant, and find that she has been keeping a store at Biloxi, and her property down there, both real and personal, has been levied upon, and the goods that she has up here are hid away from the officers. I also learn that she is not of good character. She has been trying to negotiate with a party for the sale of the stuff, but I gave him to understand that if he bought the goods, that we would hold him liable for the rent of the store from now until the first of November. If you see them moving any more goods out, let me know, and I will get out an attachment on them."

The counsel for the defendant then asked the witness: "On what information did you write that letter?" The court sustained the plaintiff's objection to this question, and the defendant excepted. Counsel for the defendant then asked the witness the following question: "From whom did you ascertain that Maggie Master was of bad character?" The plaintiff objected to this question, which objection was sustained, and the defendant duly excepted. Attorney for the defendant then asked the witness the following question: "Did you make inquiry

as to the facts on which you based that letter?'' The court sustained the plaintiff's objection to this question, and the defendant duly excepted. Upon the witness further testifying that he had made inquiry about the plaintiff before writing that letter, counsel for the defendant asked him the following question: "What was the character of said inquiry?" The plaintiff objected to this question, and the defendant duly excepted. The said witness, after testifying on direct examination that the price at which the said property was rented to the plaintiff was the full rental value of the property, the counsel for the plaintiff asked witness, Glennon, the following question: "Did you send word to the plaintiff that if she wanted to keep the premises at the end of the lease, she would have to pay $16.65?" The defendant objected to this question, on the ground that the evidence sought to be adduced was incompetent, irrelevant and immaterial, but the court overruled the objection, and the defendant duly excepted. The witness answered that he did not know whether he sent such notice or not, but that it was customary for real estate agents to send out about June 15 of each year notices to all of their tenants requesting them to notify them whether or not they proposed to keep the premises for the following year, and also the terms upon which said premises could be retained. The defendant then offered to introduce in evidence the said letter, written by J. K. Glennon to her. Plaintiff objected, which objection was sustained by the court, and the defendant duly excepted.

The court, among other things, in its general charge, instructed the jury as follows: (1.) "Whatever is done wrongfully, vexatiously and purposely is in law maliciously done." (2.) "If you find that the attachment is vexatiously as well as wrongfully sued out, you can give the plaintiff exemplary or vindictive damages." (3.) "In assessing plaintiff's damages should you find for the plaintiff you may take into consideration any threats or insulting words used to her sister during the making of the levy." The defendant separately excepted to each of these several portions of the court's general charge, and also separately excepted to the court's refusal to give each of the following written charges requested by her: (3.) "Unless the jury believe from the evidence that the defendant maliciously caused the attachment to be

[Brown v. Master.]

issued, they must find her not guilty as to the first count." (4.) "Unless the jury believe from the evidence that the attachment was wrongfully, maliciously and without probable cause caused to be issued by the defendant, they should find the defendant not guilty as to the first count." (5.) "If the jury believe from the evidence that the defendant did not sue out the attachment with malice or from a disposition to vex and harass the plaintiff, but honestly believed that she had reasonable and probable cause to sue out the attachment at the time said attachment was sued out, then the plaintiff is not entitled to recover in this action for the suing out of said attachment." (6.) "The burden of proof is on the plaintiff to show the falsity of the ground upon which the attachment is sued out, and she must reasonably satisfy their [your] minds of such falsity, and if the evidence leaves them confused or uncertain as to the truth or falsity of such charge, the jury must find for the defendant." (7.) "The burden of proof is on the plaintiff to show that the attachment was sued out by the defendant wrongfully, maliciously and without probable cause, and of the existence of these elements she must reasonably satisfy the minds of the jury; and if the evidence leaves them confused or uncertain as to the existence of such elements, then the plaintiff is not entitled to recover in this action for the suing out of said attachment."

There were verdict and judgment for the plaintiff, assessing her damages at $750. The defendant appeals, and assigns as error the several rulings of the court upon the pleadings and evidence, the action of the court in giving the portions of the general charge to which exceptions were reserved, and the refusal of the court to give the several charges requested by her.

CLARKES & WEBB, for appellant.—1. In order to sustain the action in this case, the attachment must have been wrongfully sued out, with malice and without probable cause.—*Marshall v. Betner*, 17 Ala. 838; *Kirksey v. Jones*, 7 Ala. 629; *Lockhart v. Woods*, 38 Ala. 631; *McKellar v. Couch*, 34 Ala. 336; *Benson v. McCoy*, 36 Ala. 710; *Tucker v. Adams*, 52 Ala. 256.

2. The demurrers to the complaint should have been sustained. The truth of the ground of attachment must

[Brown v. Master.]

be negatived in the complaint.—*Tiller v. Shearer*, 20 Ala, 527; *Nat. Bank v. Jeffries*, 73 Ala. 191; *Durr v. Jackson*, 59 Ala. 203; *McLane v. McTighe*, 89 Ala. 411; *Clifford v. Vassar*, 10 S. R. 350.

3. There was a misjoinder of actions in each count in the complaint, and each count was ambiguous and uncertain—stating several causes of action.—*H. A. & B. R. R. Co. v. Dusenberry*, 94 Ala. 413.

4. Damages for insulting words could not be recovered, had they been used to plaintiff herself, unless specially claimed, and certainly not where the words were used to Margaret Master's sister, when plaintiff was not present, and are not specially claimed.—*A. G. S. R. R. Co. v. Tapia*, 94 Ala. 226.

5. The third, fourth and fifth charges requested by the defendant should have been given.—*Marshall v. Betner*, 17 Ala. 832; *McKellar v. Couch*, 34 Ala. 336.

No counsel marked as appearing for appellee.

McCLELLAN, J.—Margaret Master is plaintiff and Annie brown is defendant in this action. The complaint contains two counts. The first count alleges that the defendant, being the landlord of the plaintiff in respect of a storehouse which the latter occupied with a stock of merchandise, made an affidavit for an attachment against the property of plaintiff in said store, stating therein as the ground for said attachment that the tenant had "made substantially a transfer" of the stock of goods in the store so rented from affiant, without her consent and without the rent for said store having been paid; and that upon said affidavit, "the defendant wrongfully and vexatiously and maliciously caused an attachment to issue against the estate of the plaintiff" out of the office of the justice of the peace before whom the affidavit was made, "and wrongfully, vexatiously and maliciously caused said attachment to be levied upon a large amount of personal property belonging to the plaintiff, in value many times the amount of the debt for the collection whereof said attachment was sued out." This count further avers that the ground of attachment alleged in the affidavit did not exist, and that the defendant did not have any probable cause to believe that the ground so alleged did exist. Damages are claimed for that the de-

fendant, under color of said attachment, entered plaintiff's storehouse and wrongfully and maliciously stopped plaintiff's business, greatly mutilated and disarranged and injured plaintiff's stock of goods, and broke up and destroyed her business, injured plaintiff's credit as a merchant, and took away or caused to be taken away a large quantity of plaintiff's goods, and detained them for several months, and so kept said goods while detaining them as to greatly depreciate their value.

The second count claims damages "for a willful and malicious wrong committed by the defendant upon a certain lease-hold interest in real estate then and there owned and possessed by the plaintiff, and upon certain personal property then and there in possession of the plaintiff," in that the defendant sued out said attachment, and "willfully, wrongfully, knowingly and maliciously caused the same to be levied upon property of the plaintiff kept in her said store in the conduct of her business as a part of her mercantile stock, worth many times the amount of the debt upon which said attachment was sued out, and did cause said large and excessive amount of property to be kept and detained from the plaintiff for a long time, and by reason thereof said property was damaged and injured, and the value thereof greatly reduced; and did cause said attachment to be levied in an arbitrary, rude and angry manner;" and in that, further, the defendant, under the pretense of having the right so to do by virtue of said attachment proceeding, did "knowingly, willfully, wrongfully and maliciously enter upon plaintiff's possession of said store, in plaintiff's absence, and while her business was being then and there conducted by her clerks, and stopped her business and closed up her store, and mutilated and damaged her stock of goods, and thereby injured and damaged plaintiff's property, and broke up her business, and injured and destroyed her credit as a merchant," &c., &c.

1. It is first to be observed that neither count of the complaint is upon the attachment bond. The first is clearly an action on the case for malicious prosecution. The second is an action on the case for malicious abuse of process and rude and aggravating misconduct under color of the attachment writ. Several assignments of demurrer were laid against each count. The first assign-

ment against the first count is, that "it fails to negative or deny that any statutory ground existed for the issuance of the attachment." It does negative, as we have seen, the existence of the statutory ground stated in the affidavit. This, in our opinion, was sufficient. There is, we take it, a *prima facie* presumption of law that if any one of the grounds upon which the statute authorizes the issuance of an attachment exists it is that one which is stated in the complaint, since it can not be supposed that the plaintiff in attachment would state a ground which did not exist when he might have stated one which did exist; and hence *prima facie* the negation of the ground stated is the negation of all basis for the issuance of the writ. And while it is true that proof of the existence of any other of the grounds will serve the defendant in actions like this as well as proof of the specified ground, such proof goes to overturn the *prima facie* case made by the complaint, is purely defensive in its character, and the initiative and burden in respect of it is upon the defendant.—*Baxley v. Segrest*, 85 Ala. 183; *Gabel v. Hammerwell*, 44 Ala. 336.

2. A like presumption prevails in relation to the existence of probable cause. If the defendant did not have probable cause for believing that the ground he states in his affidavit existed there is an inconclusive presumption, sufficient, until rebutted, for all the purposes of the plaintiff, that he was without probable cause for believing that any ground did in fact exist, since it is unreasonable to suppose he would have stated facts which he had no probable cause to believe to be true, when he might have stated facts which he had such cause to believe to be true, and which would equally have served his immediate purpose, and also have saved him from ultimate liability for the absence of probable cause for the statement he in fact made. So that we hold that the averment of this count of the complaint that the defendant had no probable cause to believe the facts laid in her affidavit, as constituting a ground for the issuance of the attachment, is *prima facie* a negation of probable cause to believe the existence of any ground for the writ, and that while probable cause in respect of some other ground may be shown, it will be defensive matter and the evidence of it must come from the defendant.

3. Moreover, it would seem that the averment of this

count that the writ was wrongfully, vexatiously and maliciously sued out is the negation of all probable cause, as this averment can not be true if there was probable cause for the believing that any one of the statutory grounds existed.—*Kirksey v. Jones*, 7 Ala. 622.

4. A further objection urged by the demurrers to the first count is, that it is "ambiguous and uncertain in stating several distinct causes of action without disclosing which one is relied on in support of plaintiff's claim, to-wit: 1. For causing said attachment to be issued without sufficient affidavit. 2. For wrongfully causing it to be issued. 3. For wrongfully causing the same to be levied. 4. For excessive levy. 5. For improper conduct in making the levy." There is at most but an innuendo in the complaint that the affidavit for the attachment was not sufficient to authorize its issuance; and nothing whatever is claimed on that account. The other matters specified in this assignment of demurrer are all component parts of the malicious prosecution alleged in the complaint, for every act maliciously done in which the plaintiff, if she prove her case, would be entitled to recover. In many jurisdictions, indeed, this action can not be maintained in respect of a civil prosecution unless a levy has been made, and, whether we should so hold or not were the question before us, the principles underlying that view lead also to the conclusion that, even where the contrary is held as to the necessity of a levy, the levy when made and the manner of it are but parts of the same prosecution for maliciously instituting which the action on the case is brought.—14 Am. & Eng. Encyc. of Law, pp. 32, *et seq.*

5. We do not, as has been indicated, understand the second count of the complaint to charge that the attachment was wrongfully and maliciously sued out by the defendant without a sufficient affidavit as is assumed by the demurrers to this count; but to the contrary, that count is for the malicious, wrongful and vexatious abuse of process which has been legally and rightfully issued. Had there been no writ, or had the writ, under color of which the defendant entered upon the leasehold premises of the plaintiff and took and carried away and detained and injured plaintiff's goods, been void on its face, the defendant would have been liable to an action of trespass *quare clausum fregit et de bonis asportavit.—Herndon*

[Brown v. Master.]

*v. Bartlett,* 4 Port. 481; *Southern Suspender Co. v. Van Borries,* 91 Ala. 507. But entering, as she did under a valid writ, the defendant was not a trespasser, but nevertheless liable for the wrongs which, as charged, she maliciously committed or procured to be committed upon the plaintiff's close and the plaintiff's personal property stored therein in an action on the case; and it is of no possible consequence whether the injuries inflicted were upon the realty or upon the personalty, or consisted in closing the plaintiff's store, no necessity therefor in the due execution of the writ existing, or in taking away an excessive amount of personalty and so negligently keeping it as that great damage resulted to the plaintiff. All these are wrongs for which redress may be had in this form of action.—1 Chitty Pleadings, pp. 209, *et seq.*

What we have said will suffice to show the grounds of our approval of the action of the court below in overruling defendant's demurrers to the complaint as finally amended.

6. The attachment complained of was not sued out by Glennon, but by Annie Brown herself, and it is wholly immaterial what information Glennon had or the sources of it: the inquiry was what facts showing probable cause for believing that a ground for attachment against Margaret Master came to the knowledge of the defendant. The proposed evidence of Glennon as to what inquiry he made respecting the plaintiff, her character, &c., and the information he received upon such inquiry, whether the facts thus coming to his knowledge imported probable cause for an attachment or not, was properly excluded.

But the letter from Glennon to the defendant should have been admitted. It contained facts circumstantially stated which, coming by the letter to the knowledge of the defendant, had some tendency to strengthen the circumstances already within her knowledge, according to her own testimony, going to show probable cause for believing that the tenant had transferred her stock of goods without the landlord's consent, and without paying the rent. The court erred in excluding this letter.

7. The fact that Glennon sent word to the tenant, about the time the attachment was sued out, that "if she wanted to keep the house at the end of the lease she would have to pay" a certain greater rental than she

was paying at that time, had a tendency to weaken Glennon's testimony as to what he said to Sullivan, the defendant's attorney, in her presence, to the effect that plaintiff was trying to sell out her goods *in solido*, intending to vacate the premises at once, &c., and was properly admitted.

8. The trial court seems to have overlooked the distinction between the action for malicious prosecution, which is presented by the first count of the complaint, and an action on an attachment bond for wrongfully, or wrongfully and vexatiously, suing out the writ, in its rulings upon charges requested. No action except upon the bond lies for the mere wrongful suing out of an attachment. By virtue of the statute—Code, § 2999—an action on the bond may be prosecuted to the recovery of actual damages when the writ is wrongfully sued out, and if sued out maliciously as well as wrongfully, the jury may in addition give vindictive damages. But in the action of malicious prosecution against the plaintiff in attachment, the attachment must be wrongful, and must have been sued out with malice and without probable cause. If not wrongful, i. e., if the facts justify and authorize its issuance, if a statutory ground exists, no recovery can be had though the defendant was actuated purely by malice in suing out the writ. If wrongful, but not malicious, no recovery can be had. If wrongful and malicious but with probable cause, the action will fail. And if wrongful and without probable cause, and also without malice, no action can be maintained. There must, in other words, to authorize a recovery, be a concurrence of the three conditions—wrong, malice and want of probable cause. The wrongfulness of the issuance of the writ would at common law have to be shown by the record of the attachment proceeding, disclosing a determination of that suit against the plaintiff therein. But under our statute the defendant in attachment can not "deny or put in issue the cause for which the attachment issued"—Code, § 2999—and it follows that the non-existence of a statutory ground for issuance of the attachment may be, indeed has to be, shown by matter *de hors* the record. It would seem also to result from the consideration just adverted to, that a suit for the malicious prosecution of an attachment suit may be instituted pending such prosecution, since no question in-

volved in the attachment proceeding can be of any moment in the action on the case for malicious prosecution. It may be, that a different rule should prevail when the wrongfulness of the attachment rests in the non-existence of a debt, since the question of debt *vel non* is determinable in the attachment suit; but even here, it would seem that the wrongfulness of the prosecution might also be rested on the *absence of a ground* for attachment, for clearly there could be no ground for the writ against a defendant who owed the plaintiff no debt. It being shown that the attachment was wrongful, that no statutory ground for its issuance existed, the plaintiff must go on and show further that there was no probable cause for believing that any such ground existed, and also that the defendant sued out the writ with malice.— 14 Am. & Eng. Ency. of Law, p. 36, note 6; *McKellar v. Couch*, 34 Ala. 336; *Benson & Co. v. McCoy*, 36 Ala. 710; *Tucker v. Adams*, 52 Ala. 254, 256; *Lunsford v. Dietrich*, 93 Ala. 565, and authorities there cited. Upon these principles the circuit court erred in refusing charges 3, 4 and 5 requested by the defendant.

We find no fault with the trial court's definition of a malicious act, to the effect that whatever is wrongfully, vexatiously and purposely done is in law maliciously done; but that part of the general charge which is in these words: "If you find that the attachment is vexatiously as well as wrongfully sued out, you can give the plaintiff exemplary or vindictive damages," while very appropriate in an action on the bond, is affirmatively bad in this case, because it pretermits all inquiry as to probable cause.

The plaintiff is not entitled to recover damages for injuries to her sister who was clerking in the store at the time of the levy, plaintiff being temporarily absent. She is entitled to have the jury consider on the inquiry of malice any threats or insulting words used by the defendant to her said sister at the time of the levy. Whether that part of the court's general charge on this subject, to which an exception was reserved imports the former or the latter proposition is uncertain, and therefore it should not have been given.

Charges 6 and 7 requested by the defendant are not within the rule of approval declared in *Calhoun v. Hannan & Michael*, 87 Ala. 277, 285, but are within the rule

of condemnation declared in *Ala. Gt. So. R. R. Co. v.
Hill*, 93 Ala. 514.   They would have required the jury
to find against the conclusion referred to, if their minds
on the point were left in confusion upon it, *or* if they
were not certain as to the truth or falsity of the mooted
fact.   This is to exact too high a degree of conviction.
The jury should be reasonably satisfied, but they are
not required to be *certain* of their conclusions even in
criminal cases.

The judgment of the circuit court is reversed and the
cause remanded.