# Lane *v.* Alabama Penny Savings Bank, *et al.*

## Damages for Wrongful Attachment.

(Decided February 12, 1914. 64 South. 608.)

*Attachment; Wrongful Issue; Damages; Pleading.*—Where damages are sought by an action on the case and not by an action on the attachment bond for wrongfully causing or procuring the issuance of a writ of attachment, by means of a false and fraudulent affidavit, malice and want of probable cause must be alleged; hence, a complaint which alleges merely that a servant, agent or employee of defendant, acting within the line and scope of his employment, falsely and fraudulently made an affidavit that plaintiff was indebted to a certain party, and was a non-resident of the state, and thereby caused or procured a writ of attachment to be issued, to plaintiff's damage, was not sufficient.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN H. MILLER.

Action by W. H. Lane against the Alabama Penny Savings Bank and another for damages growing out of an attachment proceeding. From a judgment sustaining demurrers to the complaint, plaintiff appeals. Affirmed.

The following are the counts of the complaint: (3) Plaintiff claims of defendant the sum or $3,000 damages, for that on, to wit, the 14th day of November, 1910, the servant, agent, or employee of defendants, while acting within the line or scope of his employment, falsely made an affidavit, in substance, that this plaintiff was indebted to the National Realty Company, and that this plaintiff was a nonresident of the state of Alabama, and caused or procured a writ of attachment to be issued thereon out of the circuit court of Jefferson county, Ala., and, as a proximate consequence thereof, plaintiff avers that a great quantity of household goods was taken from him, he was deprived of the use

of same for a long time, the same were wholly lost to him, and he was caused to lose much time, and was put to great trouble, expense, and inconvenience in and about his efforts to recover the said goods, all to his damage, etc., as aforesaid. (4) Exactly similar to 3, except the words "and fraudulently" are inserted between the words "falsely" and "made" where they first occur therein. (5) Similar to 4, except that it is alleged that plaintiff was not a nonresident of the state of Alabama.

HORACE C. WILKERSON, for appellant. An action on the case may be sustained for the mere wrongful suing out of an attachment.—*Kirksey v. Jones,* 7 Ala. 622; *Gilmer v. Weir,* 8 Ala. 72; *Seay v. Greenwood,* 21 Ala. 491. It is not necessary to negative the ground on which the writ was sued out or aver that it was done vexatiously or maliciously.—*Dixon v. Bachelder,* 21 Ala. 699. Count 5 did not constitute a departure.—§§ 5239, 5337, Code 1907; *Montgomery T. Co. v. Fitzpatrick,* 149 Ala. 511. A question of departure cannot be raised by demurrer.—*L. & N. v. Barker,* 96 Ala. 435; *Moore v. Banks,* 139 Ala. 595. The demurrer did not reach the alleged defect in the complaint, and the court was in error in sustaining same.—*Eads v. Murphy,* 52 Ala. 520; *Turner C. Co. v. Glover,* 101 Ala. 289.

A. LEO OBERDORFER and R. L. WILLIAMS, for appellee. Malice is an essential ingredient in a complaint in case for the wrongful suing out of an attachment.—*McKellar v. Couch,* 34 Ala. 339; *Brown v. Master,* 104 Ala. 464; *Tucker v. Adams,* 52 Ala. 254; *Benson v. McCoy,* 36 Ala. 710. Where the complaint states no cause of action, the court cannot be said to be in error in sustaining any demurrer directed to said complaint.—*Jor-*

*dan v. N. C. & St. L.,* 131 Ala. 219; *L. & N. v. Williams,* 113 Ala. 402; *Lynam v. Jones,* 154 Ala. 579; *Columbiana v. Kelly,* 172 Ala. 340.

McCLELLAN, J.—The only questions presented are the propriety of the court's action in sustaining demurrers to counts 3, 4, and 5 of the amended complaint. The best of these counts avers, at most, the wrongful causing or procuring the issuance of a writ of attachment against plaintiff's property as the result of a false and fraudulent affidavit, and the allegation of damage in consequence. This action is not on the attachment bond.

In order to sufficiently assert an action *on the case* for a wrong inflicted by recourse to legal process of the character described in the complaint, these conditions must be averred to have concurred to cause the damage claimed, viz., malice and want of probable cause.— *Brown v. Master,* 104 Ala. 464, 16 South. 443; *Tucker v. Adams,* 52 Ala. 254; *Benson v. McCoy,* 36 Ala. 710.

The cases relied on by appellant, viz., *Kirksey v. Jones,* 7 Ala. 622, *Gilmer v. Wier,* 8 Ala. 72, *Seay v. Greenwood,* 21 Ala. 491, were pronouncements immediately affected by the statute of 1837—a statute that was subsequently repealed. The case of *Dickson v. Bachelder,* 21 Ala. 699-705, appears to have been an action on the attachment bond.

The trial court followed the doctrine of the later decisions, which were not controlled by the statute of 1837; and, in so doing, committed no reversible error in sustaining the demurrers to the counts mentioned.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and SOMERVILLE, JJ., concur.