## McCARTY v. WILLIAMS. (6 Div. 227.)

(Supreme Court of Alabama. Oct. 23, 1924. Rehearing Denied Nov. 27, 1924.)

1. Trial ⬪156(3)—Demurrer to evidence admits every fact which testimony reasonably tends to establish.

Demurrer to evidence admits every fact which testimony establishes or reasonably tends to establish, court not standing in place of jury to render judgment it ought to render, but to render one against defendant, if jury could legally have done so from evidence.

2. Trial ⬪155—Liability, under any count stating cause of action, conclusively established by overruling demurrer to evidence.

Overruling demurrer to evidence conclusively establishes defendant's liability under any count of complaint which states cause of action, and leaves amount of damages as only issue for jury.

3. Malicious prosecution ⬪47—Complaint held not to state cause of action for wrongful garnishment proceedings.

Counts of complaint, charging that defendant had or caused to be issued writ of garnishment directed to plaintiff's employer, which was wrongfully issued, in that plaintiff was not indebted to defendant at time, and claim on which suit was based was not one on which writ could have been lawfully issued, held insufficient as not stating common-law cause of action for malicious prosecution.

4. Malicious prosecution ⬪16 — Concurrence of malice and want of probable cause essential.

Mere wrongful institution of legal proceeding, civil or criminal, without concurrence of malice and want of probable cause, gives rise to no action on case for malicious prosecution; defendant being entitled only to judgment in proceeding itself for costs of suit incurred by him.

---

⬪For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Malicious prosecution ⟪13⟫—Garnishment requires same elements of misconduct as attachment to constitute basis for action on bond, or for malicious prosecution.**

Garnishment is species of attachment, and as basis for action on bond, or on case for malicious prosecution, requires same elements of misconduct that attachment does.

**6. Appeal and error ⟪193(9)⟫—General demurrer to complaint, not stating cause of action, sufficient.**

General demurrer to complaint, or any count which does not state cause of action, is sufficient, and Supreme Court will set aside judgment based thereon, though objection was not made in court below

**7. Trial ⟪155⟫— Demurrer to evidence not waiver of insufficiency of complaint to state cause of action.**

Demurrer to evidence cannot operate as waiver of insufficiency of complaint to state cause of action, nor invest it with capacity to support judgment thereon.

**8. Appeal and error ⟪1040(11)⟫—Error, in submitting and authorizing recovery of damages claimed in counts not stating cause of action, held technical only.**

Error, in submitting to jury, and authorizing recovery of, damages claimed in counts insufficiently stating cause of action for malicious prosecution of garnishment proceedings, *held* not prejudicial in view of third count, sufficiently stating such cause of action, and claiming same special damages.

**9. Trial ⟪156(2)⟫—Ruling on demurrer to evidence tested by sufficiency of plaintiff's evidence, unaided by that of defendant.**

Ruling on demurrer·to evidence must be tested by sufficiency of plaintiff's evidence, unaided by testimony afterwards offered by defendant.

**10. Principal and agent ⟪113(1)⟫—Agent for collection of loan not impliedly authorized to sue out writ of garnishment for debt not legally subject thereto.**

Agent for collection of loan is not impliedly authorized to sue out writ of garnishment for debt not legally subject to writ, and, in absence of evidence of express authority, judgment against principal for malicious prosecution of garnishment is without support.

Appeal from Circuit Court, Jefferson County; Joe C. Hail, Judge.

Action by Isaac Williams against W. C. McCarty. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals, under Acts 1911, p. 449, § 6. Reversed and remanded.

The action is on the case. Count A of the amended complaint charges that the defendant McCarty "did have, or cause to be issued, a writ of garnishment directed to plaintiff's employer" (describing it), which was served on plaintiff's said employer, and which "was wrongfully issued, or caused to be issued, in that, at the time of the issuance of said writ, plaintiff was not indebted to defendant."

Count B is the same as count A, except that it charges that the writ of garnishment "was wrongfully issued, or caused to be issued, in that, at the time of the issuance of said writ, the indebtedness, or claim upon which the defendant's suit or action against plaintiff was based, was not one upon which a writ of garnishment upon the summons could have been lawfully issued."

Count C is the same as count A, with the added charge that defendant "did, deliberately, knowingly, and ·in wanton disregard of plaintiff's rights, cause said writ of garnishment to be issued, knowing' that said action was wrongful and illegal, and with the knowledge that plaintiff would be damaged in the manner aforesaid."

Defendant demurred to each count separately on the ground, among others not necessary to be stated, that it did not state a cause of action. The demurrer being overruled, defendant pleaded the general issue in short by consent, and issue was thereupon joined.

At the.close of plaintiff's evidence, defendant demurred to the evidence on the ground that it failed to connect the defendant McCarty with the wrong charged. The trial court overruled this demurrer, and thereupon summarily submitted the case to the jury for the ascertainment of damages, holding that the question of defendant's liability was concluded by the adverse ruling on his demurrer to the evidence.

In the general oral charge to the jury the trial judge said:

"It is admitted that the garnishment was wrongfully served and served as alleged in the complaint. He has nevertheless to prove to you the elements of the damage which he claims, and it is for you to determine what the damage is, and that damage has to be proved to you under the first two counts of the complaint; that is, as to what he did, and you cannot speculate as to that—that is, under A and B."

The. verdict of the jury was for $500 damages, and the court entered judgment accordingly.

Matthews & Morrow, of Birmingham, for appellant.

A demurrer to the evidence should be sustained, where plaintiff's testimony is wholly insufficient to prove the material allegations of his complaint, or where no evidence is introduced tending to prove the cause of action. 38 Cyc. 1547; N. O. R. R. Co. v. Enochs, 42 Miss. 603; Milliken v. Thyson Comm. Co., 202 Mo. 637, 100 S. W. 604; Loeffler v. West Tampa, 55 Fla. 276, 46 So. 426; Ellis v. Flaherty, 65 Kan. 621, 70 P. 586;

---

⟪⟫For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Lyons v. Terre Haute R. Co., 101 Ind. 419; Bates' Adm'r v. Bates, 33 Ala. 102. When demurrer to evidence is interposed by defendant, and issue joined, the court should render judgment against him, if the jury could legally have found a verdict. Armstrong's Ex'rs v. Armstrong's Heirs, 29 Ala. 538; Donaldsons Adm'r v. Waters' Admr, 30 Ala. 175. The complaint, not being upon the garnishment bond, is bad for failure to aver wrongful suing out, malice, and want of probable cause. Lane v. Ala. Penny Sav. Bank, 185 Ala. 656, 64 So. 608; Brown v. Master, 104 Ala. 464, 16 So. 443; Tucker v. Adams, 52 Ala. 254; Benson v. McCoy, 36 Ala. 710; Goldstein v. Drysdale, 148 Ala. 486, 42 So. 744; Dudley v. Stansberry, 5 Ala. App. 491, 59 So. 379; Dickerson v. Schwabacher, 177 Ala. 371, 58 So. 986.

Beatty, Messer & Royall, of Birmingham, for appellee.

As to the effect of demurrer to evidence, see Code 1907, § 5343; Dearing v. Smith, 4 Ala. 436. The demurrer to the complaint was general, and not sufficient. Code 1907, § 5340; Robbins v. Mendenhall, 35 Ala. 722. The complaint is sufficient. The word "wrongful," as therein used, includes malice and want of probable cause. Code 1907, § 4303; Pounds v. Hamner, 57 Ala. 346; 28 C. J. 542.

SOMERVILLE, J. [1] The effect of a demurrer to the evidence is to admit every fact which the testimony establishes, or reasonably tends to establish.

"The court does not stand in the place of a jury, to render such a judgment as the jury ought to have rendered, but to render one against the defendant, if the jury, from the evidence, could legally have done so." Shaw v. White, 28 Ala. 637, 640; Bates' Adm'r v. Bates, 33 Ala. 102.

[2] When the demurrer to the evidence was overruled, the liability of defendant, under any count of the complaint which stated a cause of action, was conclusively established, and the only issue for submission to the jury was as to the amount of damages to be awarded the plaintiff. Gluck v. Cox, 90 Ala. 331, 8 So. 161; Maund v. Loeb, 87 Ala. 374, 6 So. 376. The trial court did not err in following this procedure.

[3] It is clear, however, that counts A and B of the complaint do not state a cause of action. This is not an action for breach of the garnishment bond, and hence the complaint must exhibit a common-law cause of action, as for a malicious prosecution, in order to authorize and support a recovery, which it fails to do.

[4] The merely wrongful institution of a legal proceeding, whether civil or criminal, does not give rise to an action on the case for malicious prosecution, and is not an actionable wrong; the only compensation to which the defendant in such a case is entitled being a judgment in the proceeding itself for the costs of the suit incurred by him. McKeller v. Couch, 34 Ala. 336, 341; Tucker v. Adams, 52 Ala. 254, 256.

"If wrongful, but not malicious, no recovery can be had. If wrongful and malicious, but with probable cause, the action will fail. And if wrongful and without probable cause, and also without malice, no action can be maintained. There must, in other words, to authorize a recovery, be a concurrence of the three conditions—wrong, malice, and want of probable cause." Brown v. Master, 104 Ala. 451, 463, 16 So. 443, 447.

And in Benson v. McCoy, 36 Ala. 710, 711 (1860) it was said that—

"Since the Code [1852] an action on the case will not lie for suing out an attachment, unless it is sued out maliciously, and without probable cause, as well as wrongfully."

To the same effect is Lane v. Ala. Penny Sav. Bank, 185 Ala. 656, 64 So. 608.

[5] A garnishment is a species of attachment (White v. Simpson, 107 Ala. 386, 18 So. 151), and as a basis for an action on the bond, or an action on the case for malicious prosecution, it requires the same elements of misconduct that an attachment requires. Goldstein v. Nobles, 198 Ala. 430, 73 So. 822.

[6] When a complaint, or any of its several counts, does not state a cause of action, a general demurrer on that ground is sufficient to call attention to the defect, since the court should of its own motion deny any recovery thereon by the plaintiff; and, on appeal, this court will set aside a judgment based on such a complaint, even though the objection was not made in the court below. Pulliam v. Schimpf, 109 Ala. 179, 182, 19 So. 428; C. of G. Ry. Co. v. Gross, 192 Ala. 354, 361, 68 So. 291.

[7,8] A demurrer to evidence cannot operate as a waiver of the insufficiency of a complaint to state a cause of action, nor invest it with capacity to support a judgment rendered thereon. U. S. Bank v. Smith, 11 Wheat. 171, 6 L. Ed. 443; McLean v. Associated Society, 100 Ind. 127, 50 Am. Rep. 779. It results, therefore, that the trial judge erred in submitting counts A and B to the jury, and authorizing a recovery by plaintiff of the damages claimed therein. But the error was technical only, since count C sufficiently stated a cause of action in malicious prosecution (Brown v. Master, 104 Ala. 451, 3d headnote, 16 So. 443), and claimed all of the special damages claimed in the other counts, so that the instructions and the finding as to damages would, or should, have been the same, though counts A and B had been eliminated and disregarded.

The only meritorious question to be reviewed, therefore, is whether the evidence before the court justified the finding—involved

in the overruling of the demurrer to the evidence—that the defendant McCarty was so connected with the issuance of the writ of garnishment as to render him legally responsible therefor; that is to say, whether the acts of T. S. Atkinson were the acts of McCarty himself, whether by virtue of express or implied authority in that behalf, or because they were done by Atkinson in the course of his employment as the agent or servant of McCarty.

[9] The demurrer was of course directed to the evidence offered by plaintiff in support of his case, and the ruling on the demurrer must be tested by the sufficiency of that evidence, unaided by the testimony afterwards offered by defendant.

[10] Our conclusion is that plaintiff's evidence was wholly insufficient to support a finding of fact, either that McCarty was the principal for whom the loan was made, or that he authorized Atkinson to collect the debt by resort to the process of garnishment. Even had the evidence tended to show that the loan was by McCarty, and that Atkinson was McCarty's agent for its collection, there would be no implied authority for Atkinson to sue out a writ of garnishment for a debt not legally subject to the writ; that is, for the unlawful use of legal process. Gambill v. Fuqua, 148 Ala. 448, 456, 42 So. 735; 2 Corp. Jur. 578, § 219.

It results that the trial court erred in overruling the demurrer to the evidence, and the judgment will be reversed, and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.